## SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY ET AL. V. GEORGIA A. BOWLES ET AL.

### No. 332.

**1. Practice in Error—Assignment of Error.**

   An assignment of errors called upon this court to determine whether the undisputed testimony in the case establishes the plea of fellow servant. The Court of Civil Appeals had found, that there was evidence which tended to prove that "the engineer exercised authority and control over the brakeman Bowles" (the deceased). The correctness of this finding not being challenged, this court is not called upon by the assignment to examine into the facts upon that question ............................................................... 637

**2. Pleadings—Practice.**

   To show liability of the railway company for negligent acts of a receiver in whose control was the road at time of the act complained of, it was alleged,

"that during the period that said property was in the hands of said receiver he expended, of the earnings of said property, the sum of $4,000,000 in betterments on said railway, and which were duly delivered and are now possessed by the defendant company." During a part of the time of the receivership, the road was owned by a purchaser at receiver's sale. *Held,* the allegation was subject to special exception, but was broad enough to admit testimony covering the whole period of time .... ................. 638

3. **Practice on Writ of Error.**
   Although the specific assignments upon which this court has granted a writ of error are not sustained by the record, the court will pass upon other matters therein. See example.................................................638, 639

4. **Statutory·Negligence.**
   The statute (Revised Statutes, Sayles' edition, article 4232; late revision, article 4507), requiring railways to stop their trains at railway crossings, was made in order to take from persons operating railway trains the discretion of determining whether the act required by the statute should be done. Negligence in such case is not a question for the jury. If injury results from a violation, the road is liable in absence of contributory negligence on part of the injured party ......... ......................... .......... 639

5. **Claims During Receivership.**
   The claim of parties entitled to damages for acts during a receivership is not barred by the failure to present such claim in the court in which was pending the receivership. Railway v. Crawford, ante, p. 280 ............... 640

6. **Joint Liability for Tort.**
   In an action for damages against two railway companies for causing death of a person, by joint negligence of the two defendants, the jury found $10,000 damages, but apportioning the liability equally. The trial court rendered judgment for the entire amount against both. This was the proper practice. The Court of Civil Appeals reversed and rendered the judgment in accordance with the verdict. This action of the Court of Civil Appeals was not complained of. Nor will its judgment for costs against appellants be set aside. There is no statute prescribing how the Courts of Civil Appeals shall adjudge costs accruing in their courts......................... 640

ERROR to Court of Civil Appeals for Third District, in an appeal from Lee County.

*John T. Duncan,* for The San Antonio & Aransas Pass Railway Company, plaintiff in error.

*Frank Andrews,* for The Houston & Texas Central Railway Company, plaintiff in error.

*O. T. Holt,* also for The Houston & Texas Central Railway Company.

*H. M. Garwood,* for defendants in error.

BROWN, ASSOCIATE JUSTICE.—Georgia A. Bowles and her child, John Claude Bowles, sued the San Antonio & Aransas Pass Railway Company and the Houston & Texas Central Railway Company for

damages on account of the death of J. W. Bowles, the husband of Georgia and father of John Claude Bowles, which death was alleged to have been caused by the joint negligence of the two railway companies.

The San Antonio & Aransas Pass Railway Company pleaded a general denial, contributory negligence on the part of J. W. Bowles, and that the engineer of its train and the deceased were fellow servants.

The plaintiffs' petition set up the fact, that the Houston & Texas Central Railway was placed in the hands of a receiver, Charles Dillingham, who continued to operate the same until he was discharged by order of the federal court, on the 19th day of December, 1892, and in April, 1893, he delivered the said railroad to the defendant, the Houston & Texas Central Railway Campany; that during the time the said Dillingham operated the said road he made improvements thereon, which were permanent and valuable, to the amount of four millions of dollars, paid for out of the earnings of the said road while in his hands.

The Houston & Texas Central Railroad Company answered by general demurrer and general denial, and specially pleaded, in substance, that the Houston & Texas Central Railroad was placed in the hands of a receiver by the United States Circuit Court, and Charles Dillingham was appointed receiver of the property in May, 1886; that he had charge and control of the said property until 1893. That about May 4, 1888, the United States Circuit Court ordered the property in the hands of said receiver to be sold, which was done September 8, 1888, when it was purchased by F. P. Olcott. The sale was confirmed December 4, 1888, and a deed ordered to be made to the purchaser, Olcott. That from that date to April, 1893, Charles Dillingham continued in possession and management of the property as receiver under order of the United States Circuit Court, at which last date he was finally discharged. On the 18th day of January, 1889, a deed to the property was made to Olcott, the purchaser at the said sale, and about the 1st day of August, 1889, the Houston & Texas Central Railway Company was organized under the laws of the State of Texas; Olcott conveyed the property to said railroad company, he being one of the charter members of said company. The order of sale by the Circuit Court provided, that the purchaser should take and hold the said railroad and appurtenances free from all claims and demands growing out of said receivership, except such as before that time had been established by said Circuit Court, or such as might thereafter be established by it on interventions to be filed before the 1st day of October, 1893; that all claims not so filed prior to the 1st day of October, 1893, should be barred, and should not be a charge upon the said railway and property. That the plaintiffs had notice of the order, and failed to intervene and prosecute their claims as required by that order.

Georgia A. Bowles was the wife of J. W. Bowles, deceased, and John Claude Bowles was their only child. On the 30th day of Septem-

ber, 1893, J. W. Bowles was in the employ of the San Antonio & Aransas Pass Railway Company as brakeman on an engine pulling a train on the said road, when he was killed, at Giddings, Texas, by a collision between the train he was on and a train on the Houston & Texas Central Railroad, at the crossing or intersection of the said roads. The trains upon the different roads approached the crossing about the same time, and the engineer on each train failed to bring his train to a full stop, as required by law, by which the collision was caused, and the death of Bowles resulted therefrom.

A trial was had before a jury, and a verdict rendered in favor of plaintiffs for $10,000, $5000 to be paid by each of the railroad companies, upon which verdict the District Court entered judgment against the defendants jointly for $10,000. This judgment was reversed and reformed by the Court of Civil Appeals, rendering judgment against each of the plaintiffs in error for $5000 and for all costs.

Separate applications were made for writs of error by the plaintiffs in error upon the following grounds. The San Antonio & Aransas Pass Railway Company assigns the following errors in this court:

1. That the District Court permitted the counsel in the course of argument to use language which was calculated to inflame the minds of the jury and prejudice the rights of the railway company.

2. That the engineer of the train and J. W. Bowles, the brakeman, who was killed, were fellow servants.

3. That the Court of Civil Appeals erred in taxing the costs against the defendant the San Antonio & Aransas Pass Railway Company.

The Houston & Texas Central Railway Company presents the following grounds of error:

1. That the District Court erred in overruling its application for a continuance.

2. The District Court erred in admitting evidence as to the grade of the road of the San Antonio & Aransas Pass Railroad, because there was no allegation of such fact.

3. The same ground as to language used by counsel in argument as that assigned by the other plaintiff in error.

4. That the District Court erred in refusing charges requested by it upon the question of its engineer failing to bring his train to a full stop.

5. In refusing to give a charge to the effect, that the failure to present the claim of the plaintiffs to the United States Circuit Court was a bar to their right of action in this case.

Each of the plaintiffs in error assigned other grounds of error in this court, which, however, we deem it unnecessary to discuss.

The writs of error were granted in this case upon the following grounds: The application of the San Antonio & Aransas Pass Railway Company was granted, because this court believed there was error in the judgment of the Court of Civil Appeals upon the question of fellow servant, as presented in the said application. The application

of the Houston & Texas Central Railway Company was granted, because it was believed that the Court of Civil Appeals had erred in holding the Houston & Texas Central Railway Company responsible, without proof that improvements had been made upon the road by the receiver between the time that the property was conveyed to Olcott and the time it was delivered to the said company, and that such improvements were paid for from the earnings of the road during that time.

Upon a careful examination of the record, we find that neither of these questions is so presented to this court as to give us jurisdiction to review the action of the Court of Civil Appeals upon it. The assignment of error made by the San Antonio & Aransas Pass Railway Company, being number 7, does not call in question the action of the District Court either in giving or refusing charges upon the issue of fellow servant; nor does the assignment as made in the application for writ of error call in question the action of the Court of Civil Appeals upon the question. The effect of the assignment is to call upon this court to determine whether or not the undisputed evidence in the case establishes the defendant's plea of fellow servant. The Court of Civil Appeals found, that there was evidence which tended to prove that the engineer exercised authority and control over the brakeman Bowles. The correctness of this finding is not challenged here, and we are not called upon by the assignment, nor are we authorized under the circumstances, to examine into the facts upon this question. The assignment presents to us no question of law for our determination.

The application of the Houston & Texas Central Railway Company, under the seventh assignment, presents in its argument the proposition, that there was no allegation in the petition of the plaintiffs'sufficient to admit evidence of the fact that improvements had been made by the receiver, with funds derived from the operation of the road, between the date when it was conveyed to Olcott and the time that it was delivered to the defendant, the Houston & Texas Central Railway Company. The allegation in the petition upon this subject, as quoted in the application, is as follows: "That during the period that said property was in the hands of said receiver, as aforesaid, he expended out of the earnings of said property the sum of four million dollars in permanent improvements and betterments on said railway, and which were duly delivered and are now possessed and enjoyed by the defendant, the Houston & Texas Central Railway Company." This allegation was subject to a special exception, because it did not allege specifically that the improvements were made during the time the receiver held the road as the property of Olcott and of the defendant, the railway company; but the allegations are broad enough to admit testimony covering the whole period of time, and the objection here presented is not well taken. It is not claimed that there was no evidence of the fact, but that the allegations were not sufficient to admit such evidence.

We shall therefore examine some of the other assignments of error made by the parties hereto, declining to pass upon either of the questions made, as above stated, for the reason that they are not presented to this court in such manner as to call for a decision thereon.   We do not wish, however, to be understood as in any manner questioning the authority of Railway v. Crawford, ante, p. 280.

The Court of Civil Appeals properly disposed of the errors assigned by both plaintiffs in error as to the language used by counsel in argument on the trial in the District Court.

The Houston & Texas Central Railroad Company requested the District Court to give to the jury the following charges:   "While the law required the Houston & Texas Central Railroad Company's train to come to a full stop before crossing the track of the San Antonio & Aransas Pass Railway, if you believe from the testimony that if it had come to a full stop the result would have been the same, provided the Houston & Texas Central Railroad Company had exercised the care and caution that a prudent man would have exercised under the same circumstances, then it is not liable, and you will find a verdict in favor of the defendant."   And again, a charge in the following language: "While the law required the Houston & Texas Central Railway Company to come to a full stop before crossing the San Antonio & Aransas Pass Railway track, yet if you believe from the testimony that the said defendant company did not come to a full stop as required by law, it is not liable, unless you believe from the testimony that its failure to stop was the direct and immediate cause of the injury complained of by plaintiffs.   You are further charged in this connection, that if you believe from the testimony that said Houston & Texas Central Railroad Company's train did not come to a full stop, but slowed up or slacked its train, then if you believe from the testimony that the result or accident would have occurred whether it slacked or slowed its train, this defendant is not liable, provided it used and exercised the care and caution that a prudent man would have exercised under the same or similar circumstances."   The court gave a charge to the effect, that if the failure of the railroad company to stop its train, as required by law, was not the cause of the death of Bowles, then it was not liable to the plaintiffs.   This charge embraced as favorable a statement of the law for the defendant as it was entitled to.   The effect of the two charges asked and refused would have been to instruct the jury, that if the railway company was guilty of negligence in failing to obey the statute, but exercised such prudence and care as a reasonably prudent person would have done under similar circumstances, it would not be liable.   The statute was made in order to take from persons operating railroad trains the right to determine whether or not the act required by the statute should be done.   It is not a question of whether a prudent man would have obeyed the statute or not; but the law is, that every man operating a train, arriving at such a crossing, must bring it to a stop, whether

there be present any visible necessity for so doing or not; and when the employes of a railway company fail to obey the statute in its plain and mandatory provisions, from which failure injury arises to person or property, there being no contributory negligence by the injured party, the railroad must be held responsible for the consequences of such negligence, without regard to the question as to whether the act was prudent or imprudent; being contrary to the statute, it is unlawful, and therefore, by law, it is negligence.

. This court held in the case of Railway v. Crawford, ante, p. 280, that the claim of the plaintiffs was not barred by reason of a failure to present it to the United States Circuit Court for allowance in accordance with the orders of that court. Upon this point the facts in that case are identical with this, and the law as therein announced determines this question against plaintiff in error.

Each of the plaintiffs in error claim that the Court of Civil Appeals, after reforming the judgment of the District Court so as to enter a judgment against each for $5000, instead of a joint judgment against both for $10,000, erred in giving judgment against the said railroad companies for the costs of that court.

We find no provision of the statute which directs the manner in which the Court of Civil Appeals shall adjudge the costs accruing in that court; and while it is usual, in case the amount of the judgment of the District Court is reduced by the judgment of the Court of Civil Appeals, to award the costs of that court against the appellee, we do not think the court erred in this instance in not doing so. In our opinion, the judgment of the District Court was correctly rendered upon the verdict of the jury against both of the defendants for the full $10,000, disregarding the unauthorized apportionment between the defendants made by the jury in their verdict. Such being the case, we do not feel that this court is called upon to reverse the judgment of that court awarding the costs against the defendants, for the reason that a correct judgment was set aside and an erroneous one entered to their advantage.

The correctness of the judgment of the Court of Civil Appeals in awarding judgment against the defendants separately for $5000 each is not presented to this court by any assignment of error, and therefore we are not called upon to notice that error in the judgment, further than to consider it with reference to the question of awarding the costs.

We find no error in the judgment of the Court of Civil Appeals upon the questions presented in this court, and the said judgment is affirmed.

*Affirmed.*

Delivered November 14, 1895.