CITY LOAN & TRUST COMPANY ET AL. v. J. D. STERNER ET AL.

Decided November 13, 1909.

1.—Trial—Application to Postpone—Sufficiency.

An application for a second postponement of a trial because of the absence of one of the defendants was supported by the affidavit of defendant's counsel in which it was stated that counsel needed the presence and assistance of the

---

* But see 103 Texas, 603.

absent defendant in conducting the defense, and that counsel had just received a telegram from said defendant to the effect that it was impossible for him to be present at the trial on account of sickness in his family. There was no averment that the statement in the telegram was true, nor that counsel could not fully develop the defenses to the suit. Held, there was no error in overruling the application.

### 2.—Trial by Jury—Statutory Requirements.

A demand for a jury in a civil case is properly refused where the party making the demand has failed to comply with the preliminary regulations prescribed by statute, and where a compliance with such demand would materially affect the rights of the opposite party. A mere deposit of the jury fee without a demand for a jury brought to the attention of the court, is not a sufficient compliance with the requirements of the statute.

### 3.—Appeal—Practice—Findings of Fact.

A finding of fact by a trial court can not be reviewed on appeal in the absence of an assignment of error based thereon.

### 4.—Promissory Note—Extension of Time—Conditional Promise.

The payee of a promissory note wrote to the payor: "I am willing you should pay the interest when due, and extend the time of payment until January 1, 1909." Held, the interest not having been paid on January 1st, the promise to extend the time for payment of the principal was not binding.

### 5.—Same—Foreclosure of Lien on Collaterals.

Certain vendor's lien notes having been deposited with a creditor as collateral to secure the note of the debtor, in a suit upon the principal note and for foreclosure upon the collateral, the court properly refused to foreclose the vendor's lien retained in the collateral notes, but instead foreclosed the lien on the collateral notes themselves and ordered them sold to satisfy the plaintiff's judgment, the collateral notes not being due.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*A. M. Green*, for appellants.—Articles 3064-3066 of the Revised Statutes, directing that demand for a jury and payment of the jury fee be made at a certain time are directory merely, and failure to comply literally therewith does not forfeit the right of trial by a jury. In this case, inasmuch as the jury fee had been paid twenty-seven days before the day of the trial, and the court having the discretion to postpone the case to a subsequent week when it would have a jury, it was an abuse of a sound discretion not to do so and to force the defendants to trial before the court without a jury, no material injury would have been inflicted by so doing. Allen v. Plummer, 71 Texas, 548; Cook v. Cook, 5 Texas Civ. App., 31; Gallagher v. Goldfrank, 63 Texas, 474; Barton v. American Nat. Bank, 8 Texas Civ. App., 226.

The court, in rendering judgment and ordering the collateral notes belonging to the City Loan & Trust Company sold, erred in not foreclosing the vendor's lien given to secure the payment of said collateral notes, because the said City Loan & Trust Company as pledgor of said notes was entitled to have them put up for sale in the most favorable light, and the offering for sale said notes at public vendue without the foreclosure of said lien was calculated

to greatly depreciate their value in the estimation of the bidders at the sale and thereby inflict great loss on said City Loan & Trust Company. Tiedeman on Sales, secs. 274, 316; 15th sec. of Bill of Rights; Central & M. Ry. Co. v. Morris & Crawford, 68 Texas, 49.

*J. A. Templeton,* for appellee.—The application for a continuance not being a statutory one, was addressed to the sound discretion of the trial court; and no abuse of such discretion being shown, the action of said court in overruling said application should not be revised by this court. Rev. Stats., art. 1278; Hunt v. Makemson, 56 Texas, 9 and 12; Berry v. Burnett, 56 S. W., 769; Bond v. National Exc. Bank, 53 S. W., 71, 72.

The presence of the defendant Blanton, who had testified fully by deposition, was not of sufficient importance to require the trial court to continue the case to enable him to be present at the trial. His own testimony shows that his presence would have been an embarrassment rather than a help to his counsel. Finn v. Krut, 34 S. W., 1013 and 1015; Grounds v. Ingram, 75 Texas, 513; Bond v. National Exc. Bank, 53 S. W., 71, 72.

The payment of the jury fee to the district clerk was not tantamount to a demand for a jury, and the trial court did not err in refusing to so consider it. The demand for a jury having been made under the circumstances detailed, was not seasonably made, and the refusal of the court to grant such demand was not an abuse of his discretion. Rev. Stats., art. 3189; Hunt v. Makemson, 56 Texas, 9 and 12; Cruger v. McCraken, 26 S. W., 282; McFaddin v. Preston, 54 Texas, 403; Cabell v. Hamilton Brown Shoe Co., 81 Texas, 104, 107; Petri v. First Natl. Bank, 83 Texas, 426 and 427.

None of the collateral notes held by plaintiff at the date of the institution of this suit other than the James H. Smith note had then matured, and no default had then been made in the payment thereof. An action against the makers of such collateral notes would have been premature, and same could not have been maintained over their protest.

The sale of the collateral notes, made in pursuance of the judgment of the trial court, will transfer to the purchasers of such notes the vendor's liens whereby same are secured, and such purchasers will be as fully authorized and empowered to enforce such liens against the property as is the plaintiff herein. It follows that appellants have not been injured by the failure of the trial court to foreclose such liens in this action. Brandenburg v. Norwood, 66 S. W., 587; Neese v. Riley, 77 Texas, 350 and 351; Douglass v. Blount, 67 S. W., 484.

DUNKLIN, Associate Justice.—J. D. Sterner, as plaintiff, recovered judgment for six thousand eight hundred and fifty-eight dollars and eighty cents against defendants, the City Loan & Trust Company and E. B. Blanton, on a promissory note executed by defendants. The judgment further decreed a foreclosure of lien upon certain vendor's lien notes held by plaintiff as collateral security for the note sued on, and from this judgment defendants have appealed.

The case was first called for trial on December 22, 1908, at which time defendants applied for a postponement of the trial on account of the absence of defendant E. B. Blanton, and upon such application the trial was postponed to January 18, 1909. Upon the last named date the case was again called for trial, and again defendants moved for a postponement on account of the absence of E. B. Blanton, but this application was overruled and this ruling is assigned as error. This application was supported by the affidavit of defendants' counsel, containing the statement that E. B. Blanton was president and sole manager of defendant company; that counsel needed his presence and assistance in conducting the defense, and that counsel had just received a telegram from Blanton to the effect that it was impossible for him to be present at the trial, on account of sickness in his family. Blanton had testified fully by depositions which were introduced in evidence upon the trial. The record fails to show any affidavit from any source that the statement contained in the telegram was true, or that by reason of Blanton's absence during the trial his counsel was unable to fully develop the defenses to plaintiff's suit, and the court committed no error in refusing the application for a postponement of the trial. (Hunt v. Makemson, 56 Texas, 9; Berry v. Burnett, 23 Texas Civ. App., 558; Bond v. Natl. Exc. Bank of Dallas, 53 S. W., 71; Finn v. Krutt, 13 Texas Civ. App., 36.)

Neither did the court err in refusing defendants a trial by jury, as complained of in appellants' second assignment of error. When the case was called on December 22, 1908, and after it was postponed and set for January 18, 1909, defendants' counsel paid the jury fee requisite to have the case placed on the jury docket, but no demand was then made of the court for a trial by jury, and the matter was not called to the attention of the court until after the case was regularly called for trial on the nonjury docket on January 18, 1909. In an explanation attached to the certificate of the trial judge in approving defendants' bill of exceptions to this ruling, it appears that plaintiff lived in a distant State and had twice journeyed from his home to Stephenville to attend the trial, the former occasion being on December 22, 1908, when the trial was postponed over his protest. The jury docket had been assigned for subsequent weeks of the term, and to have granted this demand for a jury trial would have resulted in a postponement to some subsequent week, and perhaps the necessity of another trip to the State by plaintiff to attend the trial. The statutes have prescribed certain regulations governing parties who desire trials of civil cases by a jury, and whenever it is shown that to comply with a demand for a jury trial, in the absence of a compliance with those regulations, will materially affect the rights of the opposing party, the demand should be refused. (Sayles' Civil Statutes, art. 3189; Hunt v. Makemson, 56 Texas, 9; Cabell v. Hamilton Brown Shoe Co., 81 Texas, 104; Petri v. First Natl. Bank, 83 Texas, 424; Cruger v. McCracken, 26 S. W., 282.)

Appellants' third assignment of error is as follows: "The court erred in not sustaining the plea in abatement interposed by the defendants, the City Loan & Trust Company and E. B. Blanton, because the overwhelming weight of the evidence shows that the

plaintiff's suit was prematurely brought and that a right of action did not accrue to plaintiff until January 1, 1909."

The trial court filed findings of fact, one of which was to the effect that the note sued on matured January 1, 1908, and that the time of its payment was never extended by any valid or binding agreement between the parties thereto. Upon the decisions in Sup. Council American L. of H. v. Storey, 75 S. W., 905; Bandy v. Cates, 44 Texas Civ. App., 38; Best v. Kirkendall, 107 S. W., 932, 933, appellee insists that appellants' third assignment above quoted can not be considered, in view of the fact that appellants filed no assignment attacking the findings of the court above referred to, and we are of the opinion that the contention is well taken. However, if we are in error in this holding we are of the opinion that appellants' third assignment should be overruled in view of the fact that there was abundant evidence to support the action of the court in overruling the plea in abatement. The note sued on was by its terms made payable January 1, 1908. The suit was instituted September 14, 1908. Appellants pleaded that Sterner had agreed with appellants that the time of payment of the note should be extended to January 1, 1909. Appellants introduced in evidence a letter written by Sterner, of date November 11, 1907, containing the following: "In reference to this note, as stated in previous letter, I am willing you should pay the interest when due, and extend the time of payment until January 1, 1909." Appellants failed to pay this interest on January 1, 1908, but did pay it March 23, 1908, and appellant E. B. Blanton testified that on March 23, 1908, Sterner agreed to an extension of the note until January 1, 1909. He further testified that he did not remember whether anything was said at that time about reserving the privilege to pay the note before January 1, 1909, but it was his impression that he did say something to Sterner about selling the collateral notes and taking up the note sued on. This testimony of Blanton was flatly contradicted by Sterner, and the letter written by Sterner above quoted did not sustain the plea in abatement, as the interest was not paid when due.

By their fourth assignment appellants contend that the court erred in not foreclosing the vendor's liens retained in the collateral notes instead of foreclosing the lien upon those notes and ordering them sold to satisfy plaintiff's judgment against appellants. The court found that the collateral notes were not due. These findings seem supported by the evidence, and appellants have presented no assignment challenging their correctness. The fourth assignment of error is therefore overruled.

We have found no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.