G. M. & J. W. MAGILL v. YOUNG.†

(Court of Civil Appeals of Texas. San Antonio. Jan. 8, 1913. On Motion for Rehearing, Feb. 5, 1913.)

1. Costs (§ 260*)—Appeal for Delay—Damages.

Where there was no merit in appellant's defense, and the assignments of error were trivial and without merit, the appellee was entitled to an affirmance of the judgment with 10 per cent. damages because the appeal was for delay only.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.*]

On Motion for Rehearing.

2. Bills and Notes (§ 139*)—Agreement to Extend—What Constitutes.

Where the agent of the owner of notes agreed to extend them on condition that the payees would furnish satisfactory collateral security, and the payees agreed to such condition,

but failed to comply with it, there was no actual extension; and suit on the notes was not prematurely brought because commenced before the expiration of the proposed extension.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 340–354; Dec. Dig. § 139.*]

3. Appeal and Error (§ 1050*)—Harmless Error—Admission of Evidence.

The admission in evidence of letters of plaintiff and his attorney, objected to because knowledge of them was not traced to the defendants, if error, was harmless, where the court could not have reached a different conclusion if the letters had been excluded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by Sadie A. Young against G. M. & J. W. Magill. From judgment for plaintiff, defendants appeal. Affirmed, and motion for rehearing overruled.

Gaines & Corbett, of Bay City, for appellants. Linn, Conger & Austin, of Bay City, for appellee.

TALIAFERRO, J. The appellant's statement of the case is adopted. "Appellants, defendants below, were sued by the plaintiff on November 9, 1911, on a promissory note for $1,700, as is shown by the petition. Defendants answered by general denial and special answer alleging an extension. On January 11, 1912, the case was heard before the court, who gave judgment for the plaintiff against defendants as prayed for."

Appellants present three assignments of error, all submitted together over one proposition. They attack the ruling of the court in permitting the introduction in evidence of certain letters written by appellee and his attorney because knowledge of such letters had not been traced to appellants. These assignments are overruled.

[1] There is a motion in this case to affirm the judgment with 10 per cent. damages, because the appeal was for delay only. We believe the motion should be granted. There was no merit in the defense, and the assignments of error are trivial and without merit. The judgment of the lower court is therefore affirmed, with 10 per cent. damages.

On Motion for Rehearing.

In our original opinion we failed to expressly pass on appellants' fourth and fifth assignments of error. We now do so. They are overruled.

[2] Appellants insist that the evidence in this case shows that the notes were not due when suit was brought, because an extension thereof had been agreed to between the parties. But the evidence does not even tend to support such a conclusion. Appellee's agent agreed to extend the note on condition that appellants would furnish satisfactory collateral security. Appellants agreed

---

to the condition, but never complied with it. During a period of several months said agent was busy trying to induce appellants to furnish such collateral, stating all the time that appellee would extend the note, if satisfactory security was given; but appellants failed to provide security acceptable to appellee's agent. Appellee's agent never agreed to extend the notes without such new security, and therefore the minds of the parties never met upon any agreement to extend.

[3] If there was error in admitting in evidence the letters complained of by appellants, it was harmless error. There being no agreement to extend the time of payment of the notes, any discussion of the terms of a contemplated extension is immaterial. The trial court could not have reached a different conclusion in the case if the letters objected to had been excluded.

The motion for rehearing is overruled.