MORRISON et al. v. NEELY et ux.
(No. 9094.)

(Court of Civil Appeals of Texas. Ft. Worth.
May 3, 1919. Rehearing Denied
June 21, 1919.)

1. APPEAL AND ERROR ☞733—ASSIGNMENTS OF ERROR—SUFFICIENCY.

The question of sufficiency of the proof to sustain the findings of fact cannot be raised in assignments of error merely attacking the judgment for lack of such proof.

2. BROKERS ☞28—ACTION FOR ACCOUNTING —DUTY OF BROKER TO ACCOUNT.

Where the owner conveyed land to brokers upon a contract that they should sell it and out of the proceeds pay his debts and turn over the balance after deducting their compensation, such brokers, upon sale of the land, cannot refuse to account to the owner because a note given by such owner and secured by a mortgage on the land conveyed with other land is still outstanding.

3. NEW TRIAL ☞102(8)—NEWLY DISCOVERED EVIDENCE.

No error was committed in refusing a new trial on ground of newly discovered testimony as to certain transactions, where the moving party knew of such transactions before trial, made no motion for continuance to secure the new testimony, and other like testimony was introduced.

Appeal from District Court, Mitchell County; W. W. Beall, Judge.

Action by Byrne against Earl Morrison and others, in which W. H. Neely and wife filed cross-action against Morrison and Hastings. From a judgment for Neely on the cross-action, Morrison and Hastings appeal. Affirmed.

L. W. Sandusky, of Colorado, Tex., for appellants.

J. E. Starley, of Ranger, for appellees.

DUNKLIN, J. W. H. Neely purchased from the state three sections of land situated in Culberson county, under and by virtue of a statute which required him to occupy the land for a period of three years in order to perfect his title thereto. Prior to the completion of such occupancy Neely conveyed to Morrison and Hastings, who were

real estate brokers, those three sections, together with eight other sections of land, under a contract and agreement that Neely would complete the term of occupancy required by the statute in order to acquire title to the three sections of land above mentioned, and Morrison and Hastings would sell the property so conveyed to them and would apply the proceeds to the payment of the outstanding indebtedness which Neely was owing, after taking out of the proceeds of sales a sufficient amount to pay the expenses of handling the property and to pay Morrison and Hastings a reasonable commission for their services. In other words, Neely owed several debts which he was unable to pay, and he turned over to Morrison and Hastings the lands above mentioned and gave them authority to sell the same and to pay off his debts, after deducting a reasonable commission for their services in making the sales. He also obligated himself to complete the term of occupancy required to perfect his title to the three sections mentioned. Acting under said agreement, Morrison and Hastings entered into a contract with plaintiff Byrne to sell to him the three sections above mentioned as soon as title thereto was perfected by a compliance with Neely's contract of occupancy. At the same time Morrison and Hastings gave to Byrne a bond for title signed by themselves as principals and by W. H. Neely and wife, L. U. I. Neely, and A. L. Wood as sureties. The bond for title stipulated for the payment of $4,500, conditioned that Neely would continue to occupy the land for the time required to perfect the title, and when the title was so perfected would convey the same to Byrne.

Byrne instituted this suit to recover title to the land, or, in the alternative, to recover upon the bond for title. It was alleged in the petition that Neely had perfected title to the land by occupying it for the required statutory period and had filed proper proof of such occupancy in the general land office.

By cross-action Neely sought a judgment over against Morrison and Hastings for what they had realized on the property given by Byrne in exchange for the three sections of land, and a judgment was rendered in favor of Neely upon that cross-action. The plaintiff recovered a judgment for the land. Morrison and Hastings have prosecuted this appeal, but no assignments are presented to the judgment rendered in favor of plaintiff Byrne. The only complaint urged in their brief is of the judgment in favor of Neely on his cross-action, as noted above.

The trial was before the court without a jury, and the trial judge has filed findings of fact and conclusions of law upon which the judgment was predicated.

The findings of fact are very full, giving a full history of all the transactions leading up to and involved in the suit, and those transactions involved numerous details, all of which are fully set out in the trial judge's findings of fact, which cover nearly 18 pages in the transcript and are divided into 36 paragraphs, numbered 1 to 36 consecutively.

[1] Appellants have presented five assignments of error. In the first, third, and fourth assignments it is insisted that the judgment is wholly unsupported by the evidence and it is against the great weight thereof in certain particulars which are pointed out in the assignments. The substance of the reasons given in the assignments is that Neely owned no title to certain portions of the land conveyed to the appellants at the time of such conveyance, and therefore the alleged contract on the part of appellants, upon which Neely based his cross-action, was without consideration to support it. No other judgment could have been rendered on the cross-action than the one that was rendered, if the findings of fact, upon which the same was predicated, were correct. The assignments do not directly and specifically attack the findings of fact filed by the trial judge, and it is well settled that the question of sufficiency of the proof to sustain the findings of fact cannot be raised merely by an attack upon the judgment for lack of such proof. City Loan & Trust Co. v. Sterner, 57 Tex. Civ. App. 517, 124 S. W. 207; Best v. Kirkendall, 107 S. W. 932; S. A. & A. P. Ry. Co. v. Bowles, 88 Tex. 634, 32 S. W. 880.

It seems that after Morrison and Hastings took over the property from Neely under their agreement to realize money thereon with which to discharge Neely's indebtedness, after paying themselves for their services, the latter borrowed the sum of $3,000 and used the same in paying certain debts and expenses. That money was borrowed on a mortgage executed by Morrison and Hastings upon 11 sections of land turned over to them by Neely. It seems also that at the time of the trial the $3,000 note so secured was still outstanding and not yet due.

[2] By their second assignment, appellants insist that it was error to render a judgment against them for any sum as long as the said note was outstanding. In the absence of any attack upon the findings of fact, the same observation with respect to the other assignments would be applicable to this. Furthermore, we are unable to perceive how appellants could escape a judgment for money and property had and received by them as agents for Neely, and for which they had agreed to account to him, by showing that they had made themselves personally liable upon the note for $3,000, without some further evidence to show that the note cannot be collected in full out of the 11 sections of land given as security therefor. At best, it would seem that the facts mentioned could be urged only as constituting a ground for an abatement of the suit until the $3,000 note should be liquidated and discharged in some

manner. But no such relief was asked by appellants in the trial court.

[3] By the fifth assignment complaint is made of the refusal of the court to grant appellants a new trial on the ground of newly discovered testimony. According to the allegations in the motion, the testimony so discovered was to the effect that Neely had parted with title to some of the lands which he turned over to appellants to handle for him prior to that transaction. It appears from the affidavit of the newly discovered witness, which affidavit was attached to appellants' motion for new trial, that appellants were present at the time the transactions therein detailed occurred, and hence appellants must necessarily have known of them before the suit was tried, and it does not appear that any motion for continuance was made to secure the testimony of that witness. Furthermore, the newly discovered testimony was only cumulative of the other testimony of like character introduced upon the trial, and under all the circumstances we are unable to say that the trial judge committed reversible error in overruling the motion for a new trial.

For the reasons indicated, the judgment in favor of appellees Neely and wife on their cross-action against appellants is affirmed; in other respects the judgment of the trial court, from which there was no appeal, is undisturbed.