**MORRISON et al. v. NEELY et al.**
**(No. 9094.)**

(Court of Civil Appeals of Texas. Fort Worth. Feb. 4, 1922. Rehearing Denied March 25, 1922.)

**1. Vendor and purchaser ⬤➡129(1)—Contract of sale not defeated by prior contract of vendor for exchange of lands which had failed because of defects in title of other parties.**

A vendor's right to recover from his purchaser is not defeated by proof that prior to his contract with the purchaser he had made two contracts for the exchange of portions of the land with others and had actually conveyed the land covered by one contract, where those contracts for exchange had failed, and the interest conveyed by the vendor had reverted to him because of the inability of the other parties to give good title to the lands he was to receive.

**2. Brokers ⬤➡28—Required to account as to property received for land deeded to them for sale to pay debts, notwithstanding their outstanding note secured by their mortgage of other land included in same deed.**

A grantor who had conveyed land to brokers under an agreement whereby they were to sell the lands and pay the grantor's debts and repay to him any surplus over their commission is not precluded from recovering from them for what they realized from property given to them for a part of the land, because a note secured by mortgage on another part of the land given by them to raise money to pay his debts was still unpaid, where that note was assumed by a subsequent purchaser, and there was no showing the land was not sufficient to pay it, and no request to abate the suit until the note should be paid.

**3. New trial ⬤➡99—Newly discovered cumulative evidence which party must have known about held not to require new trial.**

A motion for a new trial for newly discovered evidence was properly overruled where the evidence related to a transaction occurring in the presence of the party moving for the new trial, so that he must have known of it at the first trial, and where it was only cumulative of other testimony of like character introduced upon the trial.

Appeal from District Court, Mitchell County; W. W. Beall, Judge.

Suit by Byron B. Byrne against Earl Morrison and others and W. H. Neely and others. Judgment for the plaintiff against all defendants, and for the defendant W. H. Neely over against the defendant Morrison and another on the cross-action, and the defendants Morrison and another appeal from the judgment on the cross-action. Affirmed.

For opinion of Supreme Court, see 231 S. W. 728.

L. W. Sandusky, of Colorado, Tex., for appellants.

Royall G. Smith, of El Paso, J. E. Starley, of Pecos, and M. Carter, of Colorado, Tex., for appellees.

DUNKLIN, J. Bryon B. Byrne instituted this suit to recover three sections of land in Culberson county, or, in the alternative, to recover damages on a bond for title which had theretofore been given to him by Morrison and Hastings, as principals, and signed by W. H. Neely and wife, L. U. I. Neely, and A. L. Wood as sureties. Byrne recovered a judgment for the land, and of that judgment no complaint has been made in this court. W. H. Neely recovered a judgment over against Morrison and Hastings on a cross-action for the sum of $2,412.20, and from that judgment on the cross-action Morrison and Hastings have prosecuted this appeal.

At a prior term of this court a judgment

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was rendered affirming the judgment from which the appeal was prosecuted. In so doing we refused to consider three assignments of error presented by appellants, for the reason that they presented the complaint that the judgment was erroneous because unsupported by the evidence.

The case was tried before the court without a jury, and the trial judge filed findings of fact upon which the judgment was predicated. This court refused to consider those three assignments presented in appellants' brief for the reason that they presented an attack on the judgment as not being supported by the evidence, instead of an attack on the findings of fact, upon which the judgment was based. The conclusion so reached by this court was based upon such authorities as City Loan & Trust Co. v. Sterner, 57 Tex. Civ. App. 517, 124 S. W. 207; Best v. Kirkendall (Tex. Civ. App.) 107 S. W. 932; S. A. & A. P. Ry. Co. v. Bowles, 88 Tex. 634, 32 S. W. 880. The remaining two assignments were overruled, and the judgment of the trial court was affirmed. But a writ of error was granted by the Supreme Court, and the conclusion reached by this court not to consider the three assignments first mentioned was reversed, and the cause has been remanded to this court, with instructions to consider and determine those three assignments of error.

It will be unnecessary to set out in this opinion a full statement of the nature of the issues involved and of the facts bearing upon those issues, since the same appear in the opinion of the Supreme Court, which has been published in 231 S. W. 728.

The opinion filed by this court on the former hearing (214 S. W. 586) will now be withdrawn, and all of the assignments of error will be discussed.

As shown in the opinion of the Supreme Court, W. H. Neely, being indebted in divers and sundry amounts and being unable to discharge those debts, contracted and agreed with Morrison and Hastings to deed to them eleven sections of land, a portion of which was covered by a deed of trust in consideration of the undertaking of the grantees to dispose of the land and out of the proceeds to pay Neely's debts and to pay themselves a commission for their services, the remainder of such proceeds to be turned over to Neely. Pursuant to that agreement, Morrison and Hastings executed a note for the sum of $3,000, secured by a mortgage lien upon eight sections of the land, and out of the proceeds of the note paid off and discharged numerous items of indebtedness which Neely owed. Thereafter, Morrison and Hastings contracted and agreed to trade all eleven sections of the land to Byron B. Byrne for an auto garage, with accessories, repair shop, a lot of material on hand, and two new and two secondhand automobiles, all of the reasonable value of $4,000, Byrne to assume the payment of the $3,000 which Morrison and Hastings had placed upon the eight sections of land. The consummation of that contract was delayed by reason of the fact that there was an incumbrance against the garage for $2,000 which prevented Byrne from conveying a clear title to it. In order to consummate the trade Morrison and Hastings, without the knowledge or consent of Neely, executed their personal obligation to the holder of the $2,000 indebtedness owing by Byrne, and in that manner secured a release of the lien against the garage. Thereupon Morrison and Hastings, without the knowledge or consent of Neely, took charge of the garage and operated it for several months, awaiting the payment by Byrne of the $2,000 indebtedness formerly secured by a mortgage on the garage. The operation of the garage was at considerable loss to Morrison and Hastings. In the meantime they disposed of some of the automobiles which were in stock at the time they took over the garage. During that period Morrison and Hastings paid other debts of Neely's amounting to $750. Morrison and Hastings then proposed to Byrne that, if he would pay, or arrange to have paid, his $2,000 indebtedness, for which they had become sureties, they would turn back to him the garage. Thereupon Byrne procured his mother to advance the money to pay off the $2,000 indebtedness which was then owing to the bank, and Morrison and Hastings conveyed to her eight sections of the land and turned back to Byrne the garage, Byrne's mother assuming the payment of the $3,000 now outstanding against the eight sections which had been given by Morrison and Hastings, as above noted. At the same time Morrison and Hastings also delivered to Byrne the bond for title to the other three sections of land for which Byrne recovered title in this suit.

The action of Morrison and Hastings in taking over and operating the garage, selling some of the automobiles, etc., and then turning the same back to Byrne and deeding eight sections of the land to his mother and delivering to him bond for title to the other three sections was all without the consent or knowledge of Neely, although Neely did consent and agree for the exchange of the land in consideration of the garage property, upon condition that Byrne should convey the garage free of incumbrance.

The trial court charged Morrison and Hastings with the value of the garage at the time they took it over, which was $4,000, also with the amount realized on the mortgage they gave on the land to secure the money to pay off Neely's debts, and credited them with all debts paid plus $1,000 commission for their services. The balance remaining after deducting such credits from

the debits was the amount for which judgment was rendered in favor of Neely against Morrison and Hastings.

Prior to the agreement between Neely and Morrison and Hastings for the latter to take over the land and dispose of the same for the purpose of discharging Neely's debts, Neely had executed a conveyance to three sections of the land to one C. E. Spruill for other lands to be conveyed to him by Spruill in exchange therefor, and had entered into a contract to convey four sections of the land to one T. R. Witten in exchange for land to be deeded to Neely by Witten, situated in Ward county, but the trial court found that the trade with Spruill failed on account of a prior vendor's lien being foreclosed on the land which Spruill had agreed to give to Neely. The trial court further found that the trade with Witten also failed on account of the failure of Witten's title to the land which he had agreed to give to Neely in the exchange.

[1] By the first, third, and fourth assignments of error the judgment in Neely's favor against Morrison and Hastings is challenged, upon the alleged ground that the evidence conclusively shows that at the time Neely entered into the contract with Morrison and Hastings to take over and dispose of the eleven sections of land Neely then had no title to the three sections which he had theretofore disposed of to Spruill, nor the four sections which he had theretofore agreed to sell to Witten. The evidence pointed out to sustain those assignments goes no further than to show that Neely did make a conveyance to Spruill of three sections of land, and did contract to convey four sections to Witten. But the trial court further found that both of those trades failed, and the effect of that finding was that all rights previously held by Neely in the lands reverted to him. Appellant has pointed out no evidence to controvert that finding. Furthermore, an examination of the statement of facts discloses ample evidence to support those findings. Nor did appellants seek to have either Spruill or Witten made parties to this suit, for the purpose of determining the interest owned by them, if any, in any of the lands mentioned above. It is to be noted further that the Supreme Court in their opinion stated that all of the trial judge's findings of fact "are abundantly sustained by the evidence." Accordingly the three assignments now under discussion are overruled.

[2] By the second assignment it is insisted that it was error to render judgment against appellants for any sum as long as the $3,000 note given by Morrison and Hastings, in order to raise the money to pay off Neely's debts and secured by a mortgage on eight sections of land, remains outstanding and unpaid. As noted already, the mother of Byron B. Byrne, to whom Morrison and Hastings conveyed the eight sections covered by that mortgage, assumed the payment of the same. No proof was offered to show that the indebtedness could not be collected out of the land or out of the person who had assumed the payment of the note, nor did appellants seek to have the suit abated until the note should be paid. The second assignment is therefore overruled.

[3] By the fifth assignment complaint is made of the refusal of the court to grant appellants a new trial on the ground of newly discovered testimony. According to the allegations in the motion, the testimony so discovered was to the effect that Neely had parted with title to some of the lands which he turned over to appellants to handle for him prior to that transaction. It appears from the affidavit of the newly discovered witness, which affidavit was attached to appellants' motion for new trial, that appellants were present at the time the transactions therein detailed occurred, and hence appellants must necessarily have known of them before the suit was tried, and it does not appear that any motion for continuance was made to secure the testimony of that witness. Furthermore, the newly discovered testimony was only cumulative of other testimony of like character introduced upon the trial, and under all the circumstances we are unable to say that the trial judge committed reversible error in overruling the motion for a new trial.

For the reasons indicated, the judgment in favor of appellees Neely and wife on their cross-action against appellants is affirmed. In other respects the judgment of the trial court, from which there was no appeal, is undisturbed.