## ESTES v. DAVIS.

No. 891.

Court of Civil Appeals of Texas. Waco.
April 24, 1930.

Rehearing Denied May 29, 1930.

566

suffered by appellee as the result of a collision between an automobile operated by him and one operated by appellant. Appellant was traveling west upon a public street and highway in the city of Granbury, and appellee was traveling east thereon. Appellee was operating a light Ford car, and appellant was operating a heavy Reo car. They were in the act of passing each other a short distance east of the point where a cross street intersected said highway when the accident occurred.

The case was submitted on special issues. The jury, in response to issues submitting appellee's contention that said accident resulted from the negligent manner in which appellant was operating his car at the time, found, in substance, that: (a) Appellant turned his automobile onto his left-hand side of the highway at and immediately prior to the time of the collision; (b) appellant failed to keep his automobile on his right-hand side of said highway at and immediately prior to the collision; (c) appellant failed to keep a proper lookout for motorists along the highway at the time of the collision; (d) appellant changed the course of his automobile at and immediately prior to the time of the collision; (e) appellant failed to give appellee one-half the road as nearly as possible at the time and place of the collision; (f) appellant turned and steered his automobile to his left of the center of the highway before he passed beyond the center of the intersection of the cross street with said highway. The jury further found that each of the acts of appellant as aforesaid constituted negligence and was the proximate cause of appellee's injuries. The jury further found in response to such issues that: (a) Appellee was injured as a direct result of said collision; and (b) the sum of $2,000 would reasonably compensate him for damages suffered as the direct result thereof.

The jury, in response to issues submitting appellant's contention that said accident resulted from the negligent manner in which appellee was operating his car at the time, found in substance, that: (a) Appellee was not at the time of the collision or immediately prior thereto operating his car at a rate of speed in excess of twenty miles per hour; (b) appellee did not at the time of the collision or immediately prior thereto operate his car at a high rate of speed such as would endanger the life and limb of persons and the safety of property on said highway; (c) appellee was not at the time of the collision nor immediately prior thereto racing and contesting his car with another car on said highway; (d) appellee did not cause his car to collide with appellant's car; (e) appellee was not at the time of the collision nor immediately prior or thereto suffering from any cause that rendered him physically incapacitated to drive and operate his car with the capacity of an

Estes & Estes, of Granbury, Chandler & Keith, of Stephenville, and Ocie Speer, of Austin, for appellant.

Ernest Belcher, of Stephenville, and George Clark, of Waco, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted from a judgment in favor of appellee, Elmer Davis, against appellant, B. M. Estes, for the sum of $2,000 for personal injuries and property damages

ordinary driver; (f) the collision between appellant's car and appellee's car was not an unavoidable accident.

The jury further found, in response to special issues Nos. 26 and 27, which will be hereinafter referred to, that: (a) Appellee attempted to pass appellant on said highway at the time of the collision at a rate of speed greater than fifteen miles per hour; (b) such act on the part of appellee was not negligence.

The court rendered judgment on the verdict of the jury in favor of appellee against appellant for said sum of $2,000. Appellant presents said judgment to this court for review.

## Opinion.

Appellant, by six several propositions, presents in different forms his complaint of the manner in which his contentions that appellee at the time he attempted to pass him on the highway was operating his car at a rate of speed in excess of fifteen miles per hour, and that such speed was the proximate cause of the collision, and the damages resulting therefrom to appellee, were submitted to the jury. Appellant pleaded as a defense to appellee's action that he (appellee) was guilty of negligence and contributory negligence, in that he attempted to pass appellant on a public highway at a greater speed than fifteen miles per hour, in violation of article 794 of the Penal Code of this state, and that such negligence was the proximate cause of the injury and damage suffered by him. Said article is as follows: "All operators of motor vehicles in passing each other on the public highways shall slow down their speed to fifteen miles per hour. Any person who violates this article shall be fined not to exceed one hundred dollars."

Appellant introduced testimony that appellee at the time of the collision was traveling from thirty to forty-five miles per hour. Appellee himself testified he was traveling between fifteen and twenty miles per hour. There was testimony of res gestæ declarations by appellee that he did not see appellant, and by appellant that he did not see appellee. Appellant testified that he did see appellee, but that he did not see him in time to get out of his way; that his car was nearly stopped at the time it was struck; that appellee's car hit his at an angle, bounced off, skidded, and landed against a tree on his (appellant's) left-hand side of the street. The testimony with reference to the circumstances attending the collision was sharply conflicting. We have merely recited sufficient thereof to show that the issues of whether appellee was operating his car at such illegal speed, and whether such speed was the proximate cause of the collision, were raised thereby.

The court submitted for determination as part of his general charge his certain special issues, which, with the answers of the jury thereto, are as follows:

"No. 26. Did the plaintiff, Elmer Davis, attempt to pass the defendant, B. M. Estes, at the time and place on said highway and street, at a rate of speed greater than fifteen miles per hour? Answer: Yes.

"No. 27. If you have answered special issue No. 26 in the affirmative, then answer the following special issue, otherwise you need not answer: Was the act of the plaintiff, Elmer Davis, in attempting to pass the defendant, B. M. Estes, at the time and place on said highway and street at a rate of speed greater than fifteen miles per hour, if he did do so, negligence, as that term has been defined to you? Answer: No.

"No. 28. If you have answered special issue No. 27 in the affirmative, then answer the following special issue, otherwise you need not answer it: Was such negligence on the part of said Elmer Davis, if any, a proximate cause or a proximately contributing cause to his injuries, if any, sustained in the collision? Answer: ———."

Appellant made no objection to said issue No. 26. His objection to issue No. 27 was as follows:

"The defendant objects to special issue No. 27 because the same is on the weight of the evidence and advises the jury of the effect of their answer to issue No. 26."

His objection to issue No. 28 was as follows:

"The defendant objects to special issue No. 28 because the same is on the weight of the evidence and advises the jurors of the effect of their answers to special issue No. 27, and assumes facts which are controverted issues in this case, and because an affirmative answer to issue No. 26 would make the defendant guilty of negligence per se in law."

Appellant also, in due form and manner, requested the court to submit his special issues as follows:

"No. 4. As plaintiff approached and attempted to pass the defendant and his motor vehicle at the time and place of the collision between plaintiff's and defendant's cars, was he traveling or going at a rate of speed in excess of fifteen miles per hour?

"(g) If in answer to defendant's special issue No. 4 your answer is 'yes,' then was the speed at which plaintiff attempted to pass defendant's car a proximate cause of his alleged injuries and damages, if any?"

The court refused to submit the issues so prepared and tendered by appellant. The jury, as above shown, answered the court's special issue No. 26 in the affirmative, his special issue No. 27 in the negative, and, in conformity with the express directions of his special issue No. 28, returned no answer

thereto. Appellant's specific complaint is that while the jury found as a fact that appellee in attempting to pass him on the highway violated said article of the statute, and was therefore guilty of negligence as a matter of law, the jury were not permitted by the court to pass upon his contention that such negligence was a proximate cause of appellee's injury and damage.

■ The question of the sufficiency of an objection to a particular portion of the court's charge is discussed by Judge Randolph in the case of Ft. Worth & D. C. Ry. Co. v. Kidwell, 112 Tex. 89, 245 S. W. 667, 669. We quote from the opinion in that case as follows: "There is no indication in the language of the article of any intention on the part of the Legislature to make any requirement as to what shall constitute a sufficient objection to the charge, and we know of no rule or statute which attempts to make any such provision. It is left to the courts in each case to say whether or not the objection made is sufficient to present the ground of error complained of. * * * We are of the opinion that an objection to a charge presents distinctly the error complained of when such objection by a reasonable and fair construction of the language used by the party making same can be said to present the point of the objection." Reference, by way of illustration, is here made to the charge considered in that case and the objection made thereto. Id., page 669. While said opinion was by the Commission of Appeals, it was written in reply to certified questions and was adopted by the Supreme Court. It was therefore by such action given full precedential force and effect. R. S. art. 1854. See, also, Panhandle & S. F. Ry. Co. v. Wright-Herndon Co. (Tex. Civ. App.) 195 S. W. 216, 217, par. 3. In passing on the sufficiency of appellant's objection to the court's charge as submitted, we may consider in connection therewith appellant's requested issues on the same subject. Hutton v. Burkett (Tex. Civ. App.) 18 S.W.(2d) 740, 741, 742, pars. 2 and 3.

■ It is true appellant's special issue as requested asked the jury to find whether appellee "as he approached and attempted to pass" appellant was traveling at such prohibited speed. We do not think the fact that the word "approached" was in said issue as requested coupled with appellee's attempt to pass appellant in any way affected the force and effect of such requested issue in bringing home to the mind of the trial court the fact that appellant was insisting that the violation of said statute was negligence as a matter of law, and that he desired to have the jury answer directly whether such violation of law was the proximate cause of the collision. Neither do we think that the fact that appellant's special requested issue was so framed justified the court in refusing to submit the same. While the word "approach"

is not used in the statute, which appears by its terms to apply only to the amount of actual passing, vehicles in passing must necessarily approach each other. The words "approach" and "pass" were used in the conjunctive, and, before the jury were authorized to return an affirmative answer to such issue, they were required to find that the illegal speed was maintained both in approaching and in passing appellant. The language used simply imposed a greater burden on appellant than the statute required, but, such burden having been invited by appellant, he could not have complained thereof.

■ The general rule in this state is that, where a statute requires the doing of an act, or prohibits the doing thereof, a violation of such statute constitutes negligence as a matter of law. H. & T. C. Ry. Co. v. Wilson, 60 Tex. 142, 143; S. A. & A. P. Ry. Co. v. Bowles, 88 Tex. 634, 639–640, 32 S. W. 880; Moss v. Koetter (Tex. Civ. App.) 249 S. W. 259, 262, par. 7 (writ refused); Carvel v. Kusel, (Tex. Civ. App.) 205 S. W. 941, 942, par. 5. Where an act prohibited by statute or ordinance is the proximate cause of injury to a person, it constitutes actionable negligence as a matter of law. Shaver v. Mason (Tex. Civ. App.) 13 S.W.(2d) 450, 451, par. 3, and authorities there cited. Where an act of the injured party violates the law and proximately causes or contributes to his injury, such act constitutes contributory negligence as a matter of law and is available as a defense to an action for such injuries. Schawe v. Leyendecker (Tex. Civ. App.) 269 S. W. 864, 866, par. 3; Hines v. Foreman (Tex. Com. App.) 243 S. W. 479, 483, par. 3; St. Louis, B. & M. Ry. Co. v. Price (Tex. Com. App.) 269 S. W. 422, 428, pars. 3 and 4; Koons v. Rook (Tex. Com. App.) 295 S. W. 592, 597, par. 13; Payne v. Kindel (Tex. Civ. App.) 239 S. W. 1011, 1013, par. 2.

■ Appellant's special requested charge No. 4, including subdivision (g), if found by the jury in his favor, would have constituted, under the facts of this case, a complete defense to appellee's action. It was appellant's statutory right to have the same, or the substance thereof, separately presented, free of all intermingling. Fox v. Dallas Hotel Co. (Tex. Sup.) 240 S. W. 517, 521, 522, par. 4; Kansas City, M. & O. Ry. Co. v. Perry (Tex. Com. App.) 6 S.W.(2d) 111, 114, par. 7; Northern Traction Co. v. Gilbert (Tex. Civ. App.) 282 S. W. 850, 851–854, pars. 2 and 3. Since the issue of proximate cause was raised by the evidence, we are not permitted to infer that the answer of the jury thereto would have been unfavorable to appellant because of other findings herein. Northern Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220, 221, par. 3; Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276, 277, par. 2. The jury having found that appellee was guilty of

negligence as a matter of law, the failure to submit distinctly and separately whether such negligence proximately caused or contributed to his injuries was error, for which the judgment must be reversed.

 Appellant complains of the action of the trial court in requiring him to testify over his objection whether he visited appellee after the accident, his answer thereto being that he did not do so. Appellant also complains of the action of the court in permitting appellee's attorney in his closing argument to state to the jury, in substance, that he (appellant) was not interested enough in appellee to even visit him while he was suffering from his injuries, and that, if he (counsel) had injured even a dog belonging to one of the citizens of his town, he would at least evince enough interest to go and see how he was getting along. The accident occurred September 30, 1928. Appellee testified that as a result of his injuries he was confined to his bed for about a week and a half, and that he returned to work in about three weeks. Appellant testified fully with reference to the physical appearance and condition of appellee while he remained at the scene of the accident. We have found no testimony of appellant with reference to his physical condition after that time. The trial was had in May, 1929. We think the testimony complained of was immaterial and irrelevant, and the emphasis placed thereon by such argument improper. Since reversal will be ordered on the grounds above stated, further discussion of these matters is unnecessary.

Other matters complained of by appellant will not necessarily arise in the same way, if at all, upon another trial. The judgment of the trial court is reversed, and the cause remanded.