A. A. WEHMEYER, Appellant,

v.

Louis DOMINGUES, Appellee.

No. 12906.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 18, 1956.

L. W. Pollard, Kerrville, W. W. Palmer, San Antonio, for appellant.

Robert I. Wilson, A. P. Allison, Kerrville, for appellee.

W. O. MURRAY, Chief Justice.

On or about July 10, 1954, appellee, Louis Domingues, was the holder of a promissory vendor's and deed of trust lien note, signed by A. A. Wehmeyer and wife, dated December 15, 1950, for the principal sum of $5,000, payable in quarterly installments of $150 each, including interest, providing for 10% attorney's fees if placed in the hands of an attorney for collection, and secured by liens on a parcel of land described as the southwest 25 feet of Lot 10, and the northeast 40 feet of Lot 11, in Block 5 of the A. L. Lewis 3rd Addition to the City of Kerrville, in Kerr County, Texas.

On July 10, 1954, Joe Burkett, Jr., Esq., as substitute trustee, posted notices to sell the land, under the power of sale contained in the deed of trust, for the full amount of unpaid principal, interest and attorney's fees as provided for in the note. Copies of this notice were mailed on July 11, 1954, to appellant, A. A. Wehmeyer, Alamo Construction Company, which had assumed the payment of the note, and George Scruggs, president of such company.

On July 31, 1954, A. A. Wehmeyer filed Cause No. 4118 against Louis Domingues and the substitute trustee, seeking a temporary injunction restraining the substitute trustee from selling the property because of an alleged oral agreement of extension of the time of payment of the note until July 15, 1954. This temporary injunction was granted.

On August 16, 1954, Louis Domingues instituted Cause No. 4127 in the District Court of Kerr County, seeking judgment on the note for the full amount of principal and interest due, together with attorney's fees, and for foreclosure of the vendor's lien and deed of trust lien. The two causes were consolidated and tried together and this appeal is from the final judgment in the consolidated cases.

The trial was to a jury but, upon motion, judgment was rendered for Louis Domingues, non obstante veredicto, for the full amount of principal, interest and attorney's fees provided for in said note and foreclosure of the vendor's and deed of trust lien upon the above described property. A. A. Wehmeyer has prosecuted this appeal.

Appellant's first contention is that appellee, Louis Domingues, the holder of the note and beneficiary of the deed of trust, had failed to give appellant, A. A. Wehmeyer, the maker of the note and grantor in the deed of trust, or the Alamo Construction Company, which had assumed the payment of the note, any notice that he had exercised the option contained in the note to accelerate the maturity of the note, and that in the absence of such notice he was unauthorized to accelerate the maturity of the entire principal of the note. We overrule this contention. The record shows that on July 10, 1954, the substitute trustee had posted notices that the property would be sold under the power of sale contained in the deed of trust to satisfy the entire principal, interest and attorney's fees provided for in the note and that copies of this notice had been mailed not only to A. A. Wehmeyer, the original maker of the note, but also to the Alamo Construction Company, which had assumed the payment of the note, and George Scruggs, the president of such company. The suit to foreclose

was not filed by appellee until August 16, 1954. These copies of the notice of the sale were sufficient to put appellant on notice that appellee had accelerated the date of the maturity of the principal of the note and was demanding payment of the entire principal, interest and attorney's fees provided for in the note. Amuny v. Seaboard Bank & Trust Co., Tex.Com.App., 23 S.W.2d 287; Iden v. Lippard, Tex.Civ. App., 166 S.W.2d 185.

Appellant next contends that the court erred in disregarding the findings of the jury and rendering judgment in appellee's favor because the jury found that appellee entered into an unconditional and unqualified agreement to extend the time of payment of the note until July 15, 1954. There is no evidence to sustain this jury finding. The oral agreement, if any, was negotiated between appellee and George Scruggs as agent for appellant. The testimony of Scruggs shows that the agreement was conditional. Scruggs plainly stated that if he did not settle his differences with appellant he would make the note current by July 15, 1954. The promise to pay was conditional and therefore not a valid extension agreement. 6 Tex.Jur. 826, § 186; G. M. & J. W. Magill v. Young, Tex.Civ. App., 153 S.W. 184; City Loan & Trust Co. v. Sterner, 57 Tex.Civ.App. 517, 124 S.W. 207. The alleged agreement was not that he would pay the note on July 15, 1954, but by that date, which is equivalent to an agreement to pay on or before. Such extension agreements are held to be without consideration and therefore null and void. Austin Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 30 S.W. 430; Universal Credit Co. v. Cole, Tex.Civ.App., 146 S.W.2d 222; Phoenix Furniture Co. v. McCracken, Tex.Civ.App., 3 S.W.2d 545.

There is another reason why this alleged extension agreement is of no avail to appellant. According to the testimony offered by appellant the extension was granted upon the condition that the note be made current by July 15, 1954, which was admittedly not done. Appellant, having admittedly violated the agreement, is not now in any position to claim the benefits of such agreements. Appellant attempts to justify his breach by saying that appellee breached the agreement first, by posting notices of sale on July 10, 1954. If this be true, it might justify appellant in disregarding the agreement, but if he expects to insist upon performance of the contract he must not breach it himself. He must perform his obligations under the agreement before he can insist upon performance by appellee. 10 Tex.Jur., Sec. 262, p. 451; Wellington Railroad Committee v. Crawford, Tex. Com.App., 216 S.W. 151.

Appellant on July 31, 1954, tendered to appellee the sum of $4,457.02. This amount admittedly did not cover the attorney's fees contended for by appellee. The evidence shows that, prior to the negotiations for an extension of time of payment, on July 8, 1954, certain installments on the note were past due and unpaid, and appellee had already placed the note in the hands of his attorney for collection and so informed Scruggs at the time. The exact provision in the note as to attorney's fees is as follows:

"In the event of default and this note is placed in the hands of an attorney for collection, * * * then we promise to pay Ten (10) percent of the amount of the principal and interest then due thereon as attorney's fees."

Thus, all that is required for attorney's fees to become due is that default be made and the note thereafter placed in the hands of an attorney for collection. It appears that, even before the negotiations for an extension of time of payment had begun, the attorney's fees had already become due and payable, therefore the tender made on July 31, 1954, was insufficient to pay the amount of principal, interest and attorney's fees due at that time on the note.

There is a further contention that the amount tendered lacked $58 of being sufficient to cover the amount of principal and interest due, but as appellant may have been unintentionally misled by appellee as to the exact amount of principal and inter-

est due we do not regard this shortage of $58 in the tender as significant, but base our holding that the tender was insufficient upon the failure of appellant to tender a sum sufficient to cover attorney's fees then due on the note. It is apparent that appellant intentionally did not tender any sum to cover attorney's fees.

Accordingly, the judgment of the trial court is affirmed.