### G. A. BROWN v. R. E. MONTGOMERY.

Decided November 19, 1898.

**1. Set-off.**

In an action upon a note the defendant may plead in set-off an unliquidated claim for attorney fees.

**2. Same—Interest—Set-off Credited at What Date.**

The claim of an attorney for services due him from his client before the maturity of two notes given by him to the client, which bear a higher rate of interest than the attorney's claim, will be set off in an action upon the notes as of the time at which such claim matured, and not as of the time of the trial.

**3. Same—Costs.**

Where defendant brought a separate suit on his claim, but afterwards had the suit consolidated with one brought by the other party against him wherein he pleaded his claim in set-off, pro tanto, and plaintiff recovered for a balance, the defendant was properly taxed with the costs of both actions.

**4. Costs—Practice on Appeal.**

Where, on appeal, the judgment is reformed because it includes more interest than should have been allowed, the costs of appeal will be taxed against the appellee.

APPEAL from Wilbarger. Tried below before Hon. B. M. BAKER.

*Hall & Hall* and *G. A. Brown,* for appellant.

*W. S. Essex,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—On December 10, 1892, appellee sued appellant in the District Court of Tarrant County upon two promissory notes made April 16, 1889, due one and two years from date, each in the principal sum of $400, with interest from date at the rate of 10 per cent per annum, payable annually, and unpaid interest to draw interest, each note containing the further stipulation for "10 per cent on the amount due as attorney's fee," if sued upon.

On December 31, 1892, appellant sued appellee in the District Court of

Wilbarger County for the reasonable value of services rendered as an attorney at the instance of appellee, the amount of the claim exceeding that of the notes declared on by appellee.

On February 23, 1898, after trials, appeals, and reversals in both cases, in accordance with a written agreement entered into providing for a change of venue from Tarrant to Wilbarger County, and providing for a trial at the same time of both suits before the same special judge, the cases were tried in the District Court of Wilbarger County under the following number and style, "No. 1364, R. E. Montgomery v. G. A. Brown," upon amended pleadings filed at that term of the court, in which appellee declared on the notes, and appellant, among other defenses, set up as a counterclaim and in extinguishment of the notes his account for professional services.

Upon the issue thus joined the court, after finding in favor of appellee the amount due upon his notes, principal and interest, at the institution of the suit in Tarrant County, December 10, 1892, allowed appellant as offsets at that date the following: $315 due February 1, 1889, with interest at 8 per cent per annum from January 1, 1890, to October 22, 1891, and at 6 per cent from that time to December 10, 1892, and the further sum of $400 (of the $1000 claimed), due May 9, 1887, with interest from January 1, 1888, at the rates above specified, and gave appellee judgment for the difference, plus the interest to date of judgment, with attorney's fees, and for all costs of both suits. From that judgment this appeal is taken, both parties assigning errors thereto, and as it rests upon conclusions of law and fact, without any statement of facts, we proceed at once to dispose of the questions of law raised by appellant's assignments and appellee's cross-assignments of error.

That there was nothing in the character of appellant's counterclaim to prevent him from pleading it as an offset to appellee's debt seems to be conceded. Indeed, the accepted construction of our counterclaim statute does not admit of contention on this point. Like statutes in other States have been similarly construed. Briggs v. Moore, 14 Alabama, 433, in which an account for reasonable attorney's fees was allowed as an offset against a promissory note. For a recent and parallel case decided by this court, see McCarty v. Squyres, 34 Southwestern Reporter, 356.

But as appellee's debt bore a higher rate of interest than appellant's, the contention arises over the time and manner of applying the offset; appellant contending that it should have been applied to the notes as they matured, so as to extinguish entirely the one first maturing and the other pro tanto, while appellee contends that the application should not have been made before the time of the trial.

Ordinarily the offset is applied as of the time when the suit was brought, as was done on the trial of this case, but the rule on this subject, where interest materially affects the result, is thus laid down by a standard author: "The claim of the debtor not bearing interest should be set off against that of the creditor drawing interest as of the time it became due and owing." Waterm. on Set-Off, sec. 663. True, he quotes

from Pothier to sustain this rule, but as the doctrine of set-off was unknown to the common law and was taken from the civil law, the authority seems pertinent. The cases cited in the foot note construing American statutes on the subject seem also to sustain the text.

Among these is the case of Meriwither v. Bird, 9 Georgia, 594, in which a promissory note was offset by an account for services rendered as an attorney. The judgment was reversed because the trial court refused to charge the jury "that in making the calculation of what was due between the parties, the defendants had a right to have their set-off allowed as a credit on plaintiff's demand, as of the time at which the services rendered were due," the court charging "that defendants were entitled to have what was proven to be due defendant allowed as a credit only of the time at which the then trial was had." The opinion was delivered by the renowned Judge Lumpkin, in which, after tracing the history and origin of the defense of set-off, showing that it was unknown to the common law, and that it had been taken from the civil law, introduced into this country by statutes modeled upon that of George II, "to advance justice as well as convenience," and after making the quotation from Pothier above referred to, this language is used: "Is there anying in our law of set-off which excludes this construction? I know of nothing, and it is so manifestly right that it commends itself to the conscience of every man."

So we see nothing in our counterclaim statute to exclude such a construction. The author quoted from, in laying down the rule quoted, did not confound the civil law doctrine of compensation with that of set-off, for in section 16 of his work he clearly states the distinction between the two, as follows: "Set-off resembles compensation. But there is this material difference: that in the former, the debts are not in themselves, and of right, balanced and extinguished; that the right of set-off is merely a defense to an action for the debt; and that the defendant is not obliged in any instance to avail himself of his right, but may at his option, pay, or on other grounds contest the one debt, and bring a separate action for the other." He then proceeds with appropriate illustration.

While the rule so laid down is of civil law origin, it is nevertheless laid down as a rule of set-off and not of compensation. This distinction is adverted to by us because it has been held by our Supreme Court that "our statute authorizing discounts and set-offs did not introduce the civil law doctrine of compensation." Holliman v. Rogers, 6 Texas, 98; Howard v. Randolph, 73 Texas, 454.

The case of Tucker v. Jewett, 32 Connecticut, 563, also cited by Waterman, is in line with the Georgia case cited. Some of the Texas cases cited by appellant to sustain this the first proposition in his brief at least tend in the same direction.

Our statute confers the right on the debtor to plead the offset, but is silent as to the time and manner of its application to the creditor's claim, thus leaving it to the courts to make a just application in accordance with

the received construction of similar statutes. We see no reason to depart from the above-quoted rule in the case at bar. Appellee, according to the finding, owed and should have paid appellant's account long before the notes were due. True, appellant brought an independent suit upon his account, and for more than was due, but appellee disputed the liability in toto, and, according to a supplemental finding of the court, refused at the maturity of the notes, as well as afterwards, to allow appellant any credit, and persisted in the prosecution of his own suit for the full amount claimed. Thus the parties stood apart, mutually litigious, through a series of years, till by agreement the suits were in effect consolidated, when appellant saw fit and was permitted to amend his answer in the suit of appellee and claim the right of offset. For not doing so sooner, his right should not have been abridged, but he was taxed with the costs of his own suit, then merged in appellee's, and because he failed to establish an offset equal to appellee's debt he was taxed with the costs of appellee's suit. By amending his answer in appellee's suit and pleading his claim therein as an off-set, appellant in effect abandoned his own suit, and all costs were properly adjudged against him, both for that reason and as provided in article 753, Revised Statutes.

We conclude that the amounts allowed on the accounts, being the reasonable value of appellant's services, which appellee ought to have paid before the maturity of his notes, with interest as allowed, should have been applied in extinguishment of the note, with interest, first maturing and pro tanto to the other note, with interest, at its maturity, and that judgment should have been rendered for appellee for the amount remaining unpaid on this note, with interest and attorney's fees as therein provided. This conclusion dispenses with consideration of the question so much discussed in the briefs as to the effect of a change in 1891 (or 1892) of the rate of interest on open accounts.

The judgment will therefore be reversed and here rendered in accordance with this conclusion, except that as to costs it will not be disturbed, but the costs of this appeal will be taxed against appellee.

*Reversed and rendered.*

HUNTER, Associate Justice, did not sit in this case.

Writ of error refused.