San Marcos Electric Light & Power Company et al. v. Mrs. M. A. Compton et al.

Decided January 22, 1908.

**1.—Death—Measure of Damage—Charge.**

Upon the measure of damages and the matters to be considered and not to be considered by the jury in estimating the damages in an action for the death of the husband and father of the plaintiffs, the main charge of the court and a special charge requested by the defendant, considered, and held that the main charge included the matters specified in the special charge and that the court did not err in refusing to give the special charge.

**2.—Pleading—Misnomer of Defendant Cured by Answer.**

In an amended petition the defendant was described by an abbreviation of its name; the defendant filed an answer to said amended pleading giving its full and correct name. Held, that if the amended pleading did not sufficiently identify the defendant, the defect was cured by the answer.

**3.—Joint Tortfeasor—Verdict—Construction.**

In an action for damages against an electric light company and a telephone company the jury expressly found both of the defendants guilty of negligence causing the damages, "and therefore assess the damages at $5,000, or, in other words, $2,500 each of the companies, proportioned as follows," giving to each of the plaintiffs a certain proportion of the $5,000 and assessing one half of such portion against each defendant. Held, that so much of the verdict as undertook to apportion the damages between the defendants should be treated as surplusage, and a judgment should be rendered for each plaintiff against both defendants for the full amount of damages fixed by the verdict for him or her.

**4.—Negligence—Active and Passive—Joint Liability.**

Where a telephone company was guilty of negligence in fastening a guy wire to a post belonging to an electric light company, and the electric light company was guilty of negligence in permitting the wire to remain there, both companies were liable and each company was liable for the full amount of the damages resulting from such negligence.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*Allen & Hart, R. E. McKie* and *James H. Hart,* for appellant, San Marcos Telephone Co.—The court erred in refusing to charge the jury as requested by this defendant in its special charge, because said special charge would have correctly instructed the jury as to the measure of damages under the facts of this case, and would have corrected the erroneous and confusing charge of the court on the measure of damages. March v. Walker, 48 Texas, 375; Railway v. Cowser, 57 Texas, 303; Railway v. Finley, 32 S. W., 53; Galveston v. Barbour, 62 Texas, 174; Railway v. Sherwood, 84 Texas, 124.

Plaintiffs' second amended original petition, in the caption thereof, is styled against the San Marcos Electric Light & Power Company et al.; in the body of the pleading the defendants are named, "Electric Light and Power Company," and "Telephone Company." The law requires this pleading to stand by itself and it is not susceptible of aid from former pleadings which it displaces; standing thus, its allegations are not sufficient to sustain the verdict of the jury and judgment of the court against "San Marcos Telephone Company." Hance v. Burke, 73 Texas, 66; Sinclair v. Dalien, 7 Texas, 75; Rules 13 and 14 for District Courts.

Admitting the truth of all allegations of plaintiffs' second amended original petition with reference to the acts and omissions of this defendant, such allegations do not show that any act or omission of this defendant was the direct and proximate cause of the injuries complained of by plaintiffs. Railway v. Bigham, 90 Texas, 225; Light & Power Co. v. Lefevre, 93 Texas, 607.

The judgment of the court must conform to the verdict of the jury. Revised Statutes, art. 1335; Claiborne v. Tanner, 18 Texas, 78 and 79; Hume v. Schintz, 90 Texas, 75; Houston & T. C. Ry. Co. v. Strycharski, 92 Texas, 10; Lloyd v. Brinck, 35 Texas, 1; Shultz v. Hunter, 2 Browne (Pa.), 233.

*Will G. Barber,* for Mrs. M. A. Compton et al.—The verdict of the jury finding both defendants guilty of gross negligence that caused the death of L. B. Compton and that thereby the plaintiffs named therein sustained damages to the extent of $5000, it followed as matter of law that such plaintiffs were entitled to a joint and several judgment against the defendants for the total damages. The jury had no power or authority to divide or apportion the total damages as between the defendants, and their action in attempting so to do should be treated as surplusage and that portion of the verdict disregarded and a judgment entered which would express

the legal rights of the plaintiffs upon the facts found by the verdict. San Antonio & A. P. Ry. Co. v. Bowles, 88 Texas, 635; Post v. Stockwell (N. Y.), 34 Hun, 373; Missouri, K. & T. Ry. Co. v. Vance, 41 S. W., 167; Baker v. Wofford, 9 Texas, 515; Ft. Worth & N. O. Ry. Co. v. Enos, 39 S. W., 1095; Currier v. Swan, 63 Me., 323; Chils v. Gronlund, 41 Fed., 505; Central Pass Ry. Co. v. Kuhn, 86 Ky., 578.

KEY, ASSOCIATE JUSTICE.—This suit was instituted by Mrs. M. A. Compton and her children against the San Marcos Electric Light & Power Company and the San Marcos Telephone Company, to recover damages on account of the death of L. B. Compton, the husband of Mrs. Compton and the father of the other plaintiffs.

The plaintiffs alleged in their petition that long prior to the death of L. B. Compton the Electric Light & Power Company had poles and wires strung along Fourth Street in the city of San Marcos, and transmitted as much as 1100 volts of electricity over said wires; that at the time of Compton's death it maintained on that street one of its poles at a point about six inches from the outer edge of the sidewalk, which point was one of the most public places in the city; that to said pole were attached several wires of said company carrying deadly currents of electricity; that there was also attached to said pole a guy-wire, which came from the top of the pole, passed across one or more of the electric wires, and thence hung down along the side of the pole to within a few feet of the ground; that the guy-wire, by reason of its contact with the electric wires, was also charged with the current of electricity; that at the time in question the lower end of the guy-wire was tied to the pole. It was also alleged that the electric wires were not properly insulated; that by reason of the guy-wire swinging in contact with them the insulation had worn from them, and that the Electric Light & Power Company was grossly negligent in permitting the guy-wire to remain in the position and condition above stated, and in transmitting electricity through the main wires while the guy-wire was so in contact with them. Plaintiffs further alleged that they were informed and believed and charged that the other defendant, the San Marcos Telephone Company had placed and maintained the guy-wire in the position above stated, and that both defendants were guilty of gross negligence in permitting the guy-wire to remain, and in transmitting electricity over the main wires while the guy-wire was in contact with them and in the position above stated. They further alleged that on June 26, 1905, while the conditions were as above stated, L. B. Compton, while standing near the pole referred to, placed his hand upon said pole and upon the guy-wire and was instantly killed by a current of electricity being transmitted through his body from the guy-wire.

The Electric Light & Power Company filed an answer containing a general demurrer, special exceptions, general denial, a plea of contributory negligence, and a cross-action against the San Marcos Telephone Company, asking, in the event of the plaintiffs' recovering against the Electric Light & Power Company, that it have

judgment over against its codefendant, the San Marcos Telephone Company.

The San Marcos Telephone Company answered by general demurrer, special exceptions, general denial, and a plea of contributory negligence. It also filed an answer to the cross-action of its codefendant., including general and special demurrers and a general denial.

The plaintiffs filed a supplemental petition, interposing a general demurrer and general denial to the answers of the defendants.

There was a jury trial which resulted in a verdict, which reads as follows: "We, the jury, find the defendants, the San Marcos Electric Light & Power Company and the San Marcos Telephone Company, both guilty of gross negligence that caused the death of L. B. Compton, and therefore assess the damages at five thousand ($5,000) dollars, or, in other words, $2,500 each of the companies, proportioned as follows: The plaintiff, Idalena Compton, to receive from the San Marcos Electric Light & Power Company $1,500, and also $1,500 from the San Marcos Telephone Company. The plaintiff, A. S. Compton, to receive from the San Marcos Electric Light & Power Company the sum of $750, and also $750 from the San Marcos Telephone Company. The plaintiff, Mrs. M. A. Compton, to receive from the San Marcos Electric Light & Power Company the sum of $250, and also $250 from the San Marcos Telephone Company. We, the jury, find that the San Marcos Telephone Company is not liable to damages to the San Marcos Electric Light & Power Company. We, the jury, find against Bruce Compton in favor of both defendants."

After the verdict had been received the plaintiffs filed a motion, asking the court to render judgment for each of them against each of the defendants for the full amount awarded by the verdict to each of them; and, in the event of the court's refusing to render such judgment, they asked that the verdict be set aside and a new trial granted, which motion was overruled.

The defendant, San Marcos Telephone Company, filed a motion for a new trial, which was overruled, and that defendant has brought the case to this court by appeal. The plaintiffs have also brought the case to this court by writ of error, and the two appeals have been consolidated, and will be disposed of by this opinion.

Upon the measure of damages, the court instructed the jury as follows: "As to the plaintiff, Mrs. M. A. Compton, and also as to the plaintiffs, Idalena Compton and A. S. Compton, you are charged that the law only allows a recovery for the actual pecuniary loss sustained, if any, since it can not and does not undertake to do anything except only to afford compensation for such pecuniary loss sustained by the parties where the facts are such as to render the defendant liable under the law. Such pecuniary loss as to the plaintiffs, Idalena Compton and A. S. Compton, would include, and you should consider the support and maintenance, if any, which they would reasonably have received from said L. B. Compton, had he lived, any personal attention and care, counsel and nurture and any physical, mental and moral training which said Compton would reasonably have given to them had he lived. But you will not in

any event consider any of the elements of damage mentioned except such as you may conclude from the evidence there was a reasonable probability of the plaintiffs receiving from said Compton, had he lived. And you will not consider nor allow anything for any grief, sorrow or distress suffered by the plaintiffs as result of the death of the said Compton, nor for any loss of the society and companionship of the said Compton, nor in fact any element or possible element of damage except only such as you are hereinabove expressly authorized to consider."

The San Marcos Telephone Company requested the following instruction, the refusal of which is assigned as error: "You are charged that in determining the amount to which the plaintiffs in this case would be entitled to recover, if you should find that any or all are entitled to recover anything, you will not take into consideration any compensation to them, or either of them, as a solace or for the loss of the companionship of the deceased, L. B. Compton, but you will allow them or either of them only such a sum or sums of money as, if paid now, you find from the evidence would be a fair compensation to them for the pecuniary loss, if any, sustained by the death of the said L. B. Compton."

It is contended that the requested instruction was an appropriate supplement to the instruction given by the court as to the measure of damages, and that error was committed in refusing that instruction. It is not contended that the matters which the court told the jury might be considered in determining the amount of damages included anything referred to in the refused instruction, but it is contended that the latter instruction would have more distinctly and clearly informed the jury that the matters therein specified should not be considered by them, than did the charge of the court. We are inclined to hold that the court's charge, wherein it told the jury what they should not consider, in specific terms, included the matters specified in the requested instruction; but if it did not, after specifying certain things not to be considered, its language was, "nor in fact any element or possible element of damage, except only such as you are hereinabove expressly authorized to consider." If the matters referred to in the refused instruction were not specifically included among those which the court told the jury they should not consider, then they must have understood that such matters were excluded from their consideration by that portion of the charge just quoted.

The second assignment of error relates to the alleged action of the court in refusing a requested instruction upon the question of contributory negligence. The record shows that the charge referred to was given, and does not support the assignment, which alleges that it was refused.

The third assignment charges that the verdict is not in conformity with the law, the charge of the court, nor the issues made by the pleadings. In the plaintiffs' original petition the defendants are described as "The San Marcos Electric Light & Power Company, and the San Marcos Telephone Company." The case was tried upon an amended original petition (which under our practice

constituted an abandonment of the original petition), wherein the defendants are named "Electric Light & Power Company and Telephone Company." The caption of the amended petition is the same as the original petition: "Mrs. M. A. Compton et al. v. The San Marcos Electric Light & Power Company et al." In answering the amended petition appellant used this language: "Now comes the defendant, the San Marcos Telephone Company, and, leave of the court being first had and obtained, files this its second amended original answer in lieu of its first amended original answer herein before filed, and answering the second amended original petition of plaintiffs," etc. If the plaintiffs' second amended original petition, upon which the case was tried, did not sufficiently identify appellant, the answer referred to supplied that omission.

There are some other errors assigned in the brief submitted for the San Marcos Telephone Company, all of which have been considered and are overruled. The questions presented are not regarded as of such importance as to require discussion in this opinion.

In the writ of error prosecuted by the plaintiffs, complaint is made because the trial court refused to render judgment for them against both defendants for the full amount of damages awarded to each plaintiff. Their contention is that as the jury found that both defendants were guilty of gross negligence which caused the death of L. B. Compton, and fixed the amount of damages sustained by each plaintiff, they were entitled to have judgment rendered for them against each and both defendants for the entire amount awarded to each plaintiff by the verdict. That contention involves the further proposition that the jury had no right to apportion the damages between the defendants and prescribe that each defendant should be liable for only part of the damages awarded to the plaintiffs, and that so much of the verdict as undertakes to accomplish that result should be treated as surplusage, and judgment rendered for the plaintiffs in accordance with their contention. It is contended on behalf of the defendants (1) that the court had no right to ignore and treat as surplusage any part of the verdict, and that it was its duty to pursue the course it did pursue, and render judgment in strict conformity with the verdict; (2) that the uncontroverted testimony shows that the defendants were not joint tort feasors, and therefore the plaintiffs were not entitled to judgment against each and both of them for the full amount of damages sustained.

We have reached the conclusion that the contention urged on behalf of the plaintiffs is correct, and that so much of the verdict as undertook to apportion the damages between the defendants should have been treated as surplusage, and judgment rendered for the plaintiffs against both defendants for the full amount of damages fixed by the verdict. In that respect we think this case is quite similar to San Antonio & A. P. Ry. Co. v. Bowles, 88 Texas, 635. In that case the verdict read: "We, the jury, find in favor of the plaintiffs against both of defendants in the sum of $10,000, $5,000 in favor of Geo. A. Bowles and $5,000 in favor of John Claude Bowles, $5,000 to be paid by the San Antonio & Aransas Pass Rail-

way Company and $5,000 to be paid by the H. & T. C. Railway Company." The trial court disregarded so much of the verdict as undertook to prescribe how much should be paid by each defendant, and awarded judgment against both defendants for $10,000. That action of the trial court was approved and held to be correct by the Supreme Court. The only difference between the two verdicts is that in the Bowles case the verdict first states that the jury finds in favor of the plaintiffs against both defendants for the sum of $10,000, while in this case the verdict states that the jury finds both defendants guilty of gross negligence that caused the death of L. B. Compton, and that they assess the damages at $5,000. While the verbiage is not the same, we do not think there is any substantial difference in this respect between the two verdicts. In each the jury finds facts which entitled the plaintiffs to have judgment against both defendants for the full amount of the damages fixed by the verdict. In addition to the Bowles case counsel for the plaintiffs has cited the following authorities, which tend to support the conclusion just announced: Post v. Stockwell (N. Y.), 34 Hun, 373; Missouri, K. & T. Ry. Co. v. Vance, 41 S. W., 167; Baker v. Wofford, 9 Texas, 516; Ft. Worth & N. O. Ry. Co. v. Enos, 15 Texas Civ. App., 673; Currier v. Swan, 63 Me., 323; Chils v. Gronlund, 41 Fed., 505; Central Pass Ry. v. Kuhn, 86 Ky., 578.

In support of the second contention urged on behalf of the defendants, their counsel have cited Bonte v. Postell, 51 L. R. A., 187, decided by the Supreme Court of Kentucky; Miller v. Highland Ditch Co., 87 Cal., 430; Ellis v. Howard, 17 Vt., 330, and several other cases. It may be conceded, as contended, that the uncontroverted proof shows that the guy-wire which communicated to L. B. Compton the current of electricity which caused his death, was attached to the post by the Telephone Company and not by the Electric Light & Power Company or by anyone acting for it or under its authority. It may also be conceded that the negligence of the latter company was, in a sense, passive and consisted only of a failure to remove the guy-wire after it was attached to the post and put in a place which rendered it dangerous; and it may further be conceded that the other defendant was the active wrongdoer and guilty of the greater wrong when it fastened the guy-wire to the post. However, the fact that the guy-wire was permitted to remain in contact with the post, so that a by-stander in placing his hand against the post might touch the wire, was the essential element of negligence in this case, and the testimony shows that both defendants were responsible for that fact. If the Telephone Company had not connected the wire with the post it never would have been there; and if the Electric Light & Power Company had not been guilty of negligence in their failure to remove it, it would not have been there when Compton placed his hand against the post. In reference to that guy-wire the law imposed certain duties upon each company, and if either had performed its duty Compton would not have been hurt and the plaintiffs would have sustained no damage. The Telephone Company committed a negligent and

wrongful act when it attached the guy-wire to the post; and if it had not done so, no injury would have been sustained. The Electric Light & Power Company was guilty of negligence in failing to remove the wire from the post, and if it had not been guilty of such negligence and had discharged its duty in that respect, Compton would not have been hurt and no injury would have been sustained. In this respect and for this reason the case at bar is distinguishable from those relied on by counsel for the defendants.

For instance, Bonte v. Postell was a suit for damages on account of injuries to a building caused by water from an underground sewer. The plaintiff's case was based upon the theory that the several defendants, acting independently of each other, had caused water to be discharged into the sewer, which ran down to and injured the plaintiff's house. The Supreme Court of Kentucky approved the ruling of the trial court, holding that each defendant was only liable for the damage caused by his wrongful conduct, and was not liable for the full amount of injury sustained by the plaintiff. In that case, and others of the same class, the entire damage was not attributable to the wrongful conduct of each defendant. The defendants not only acted independently, but if the evidence had failed to show that some of them were guilty of any wrong, proof of negligence against the other defendants would have entitled plaintiff to recover against them.

Furthermore, in this case the verdict finds that both defendants were guilty of gross negligence. We may concede, as contended on behalf of the Electric Light & Power Company, that it did not participate with the other defendant in the active wrong of connecting the guy-wire with the post, but inasmuch as the law placed upon it the duty to remove the wire from the post, and as it neglected to do so for such length of time and under such circumstances as to render it guilty of gross negligence, we think it should be treated as, in effect, ratifying and adopting the wrongful act of its co-defendant. At any rate, from the verdict we must hold that it was its duty to remove the guy-wire from the post in order to prevent injury to third persons, and not having discharged that duty, it should be held responsible to the full extent of such injury.

As to the Telephone Company, it should be held responsible in like manner and to the same extent on account of its original wrong in attaching the guy-wire to the post and permitting it to remain there. When the law imposes a duty, performance of which will prevent any injury, damages recoverable for nonperformance of such duty should be in proportion and to the extent of the injury sustained. If it be conceded that the negligence of each defendant was separate and distinct, and that they were not joint tort feasors, nevertheless, as the negligence of each was an efficient cause of the entire injury, each must be held liable to the full extent of the injury.

The appeal prosecuted by the San Marcos Telephone Company is decided against that company, and the costs involved in that appeal will be taxed against it. The writ of error prosecuted by the plain-

tiffs in the court below will be sustained to the extent of reforming the judgment so as to award to the plaintiffs judgment against both defendants for the several amounts awarded to each plaintiff. The costs of the writ of error will be taxed against the two companies, the defendants in error.

*Reformed and affirmed.*

Writ of error refused.