No. 24,233.

NELLIE HALL, by CATHERINE HALL, her Next Friend, *Appellee,* v. C. W. McCLURE, ISADORE WALDNER, as an individual, and ISADORE WALDNER, doing business under the firm name and style of THE SUPERIOR CLEANING & DYEING COMPANY, and THE CITY OF KANSAS CITY, *Appellants.*

SYLLABUS BY THE COURT.

1. ACTION FOR DAMAGES—*Two Defendants—Jury May Not Apportion Damages Between Defendants.* In an action for damages against two or more joint tort-feasors, the jury has no authority to apportion the damages between defendants.

2. SAME—*Apportionment of Damages Between Two Defendants—Surplusage.* In such a case, where the jury returned the verdict:

"We, the jury, find for the plaintiff against the defendants and assess the amount of plaintiff's recovery from said defendants at $4,000. Isadore Waldner, . . . $3,500, and the city of Kansas City, Kansas, $500."

*Held,* the court properly regarded the attempted apportionment of damages as surplusage and entered judgment against both defendants for $4,000.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed February 10, 1923. Affirmed.

*H. J. Smith, William Drennan,* and *Willard M. Benton,* all of Kansas City, for the appellants.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries against three defendants charged with negligence. A demurrer to the evidence was sustained as to one of the defendants, and as to the other two defendants the jury returned the following verdict:

"We, the jury, find for the plaintiff against the defendants and assess the amount of plaintiff's recovery from said defendants at $4,000. Isadore Waldner, doing business under the firm name and style of Superior Cleaning & Dyeing Co., $3,500, and the city of Kansas City, Kansas, $500."

The trial court treated that part of the verdict after the figures "$4,000" as surplusage and rendered judgment in favor of the plaintiff and against both defendants for $4,000. Both defendants prosecuted appeal. Isadore Waldner filed no abstract or brief and his appeal has been dismissed and the case is now for consideration upon the appeal by the city of Kansas City. The appellant filed a motion for a new trial and also a motion for judgment notwithstanding the verdict, both of which motions were overruled. Appellant now contends that the court erred in overruling its motion for a new trial and in overruling its motion for judgment and in entering judgment against it in the sum of $4,000 based upon this verdict.

It is well settled that in actions for damages against two or more joint tort-feasors the jury has no authority to apportion the damages among the defendants, in the absence of a statute specifically authorizing such apportionment, and this for the reason that if defendants are found guilty of negligence which produced the injury, the matter of the degree of negligence as between the defendants is so uncertain as not to form a proper basis for division of damages.

In Sutherland on Damages, 4th ed. § 463, it is said:

"In a joint action against several for trespass or other tort if all are found guilty entire or joint damages must be assessed against them."

In 17 C. J. 1084, it is said:

"Where the rule is not modified by statute, an assessment of damages in an action against joint tort-feasors must be for a lump sum against those found guilty and cannot be severally apportioned between them."

Many other authorities might be cited, but the rule is of such long standing, and has been so universally and repeatedly applied, that we regard additional citation of authorities unnecessary, and especially in view of the fact that it is not specifically controverted in this case.

48—112 KAN.

Though the jury has no power or authority to apportion damages among defendants in an action of this character, they sometimes attempt to do so and the question then arises as to what should be done with their verdict. The rule is thus laid down in 27 R. C. L. 893:

"There is some conflict as to whether a verdict against joint tort-feasors which assesses the damages severally can be cured or corrected. While there is some authority to the effect that such apportionment of damages is an essential part of the verdict which cannot be disregarded as surplusage and, therefore, no judgment can be entered thereon, it is generally held that the irregularity is not fatal and may be cured by amendment or correction. The question as to the manner in which the irregularity of a verdict severing the damages found against joint tort-feasors may be cured arises in two different ways, according to the form in which the verdict is rendered. Thus, where the verdict is that the plaintiff recover of the defendants a certain sum, followed by an apportionment of such damages among the several tort-feasors, this fixes the plaintiff's right to recover the full amount against the guilty parties, and the trial court may receive the verdict and amend it by striking out as surplusage all after the finding of the joint liability, or it may return the verdict to the jury for correction. Where a several judgment is rendered against each defendant on such a verdict it is not necessary to enter a reversal because of the erroneous form in which it was entered, since it can be corrected by a direction of either the appellate or the trial court making the judgment conform to the established rule in such cases."

. In 38 Cyc. 1890, the rule is stated thus:

"Verdicts are to have reasonable intendment, and surplusage or immaterial findings may be rejected in construing them. Thus, if the verdict finds the issue and something more, the latter part of the finding will be rejected as surplusage, and judgment rendered independently of the unnecessary matter, there being nothing to show that the jury reasoned falsely."

In *Olson v. Nebraska Telephone Co.*, 87 Neb. 593, 127 N. W. 916, an action to recover damages for personal injuries caused, as alleged, by the negligence of two corporations, there was a verdict for plaintiff for $10,000, "to be assessed equally against each of said corporations"; *held*, to be a joint verdict against both defendants for $10,000, and the judgment rendered against both for the full amount was affirmed.

In *Pearson v. Arlington Dock Co.*, 111 Wash. 14, 189 Pac. 559, the verdict was as follows:

"We, the jury in the above-entitled cause, do find for the plaintiff and against both defendants in the sum of $3,750 each, Arlington Dock Company, North Coast Stevedoring Company. ($7,500.)" (p. 20.)

Hall v. Kansas City.

The court said:

"While the verdict is somewhat awkward, it is perfectly plain that the jury meant to find a verdict of $7,500 for the plaintiff against both defendants, each defendant to pay one-half of that amount. The jury did not have any right to segregate this amount and make each defendant liable for a portion thereof, consequently that portion of the verdict where the jury undertakes to do so must be considered surplusage." (p. 20.)

In *San Marcos Elec. Light & Power Co. v. Compton,* 48 Tex. Civ. App. 586, 107 S. W. 1151, in an action by a widow to recover damages on account of the death of her husband against two defendants, the jury returned a verdict as follows:

"We, the jury, find the defendants, The San Marcos Electric Light & Power Company, and the San Marcos Telephone Company, both guilty of gross negligence that caused the death of L. B. Compton and therefore assess the damages at $5,000, or in other words, $2,500 [from] each of the Companies, apportioned as follows: the plaintiff, Idalena Compton, to receive from the San Marcos Electric Light & Power Company, $1,500, and also $1,500 from the San Marcos Telephone Company; the plaintiff, A. S. Compton, to receive from the San Marcos Electric Light & Power Company the sum of $750 and also $750 from the San Marcos Telephone Company; the plaintiff, Mrs. M. A. Compton, to receive from the San Marcos Electric Light & Power Company the sum of $250 and also $250 from the San Marcos Telephone Company."

The court held that so much of the verdict as apportioned the damages should be treated as surplusage and judgment rendered against both defendants for the full amount fixed by the verdict.

In *Robyn v. White,* 189 N. W. (Minn.) 577, the jury returned a verdict for plaintiff in proper form, but appended to it the following: "We, the jurors, recommend that the sum of $2,300 claimed to be recovered by this suit be donated to the American Red Cross," and this was signed by each of the jurors. This was held not to vitiate the verdict. The court said:

"We think the better rule is that when there is a verdict clear and sufficient in all respects, such foreign and irrelevant matter may be rejected as harmless surplusage. It is much the same in principle as a recommendation of clemency." (p. 578.)

In *Lake Erie & W. R. Co. v. Halleck,* 136 N. E. (Ind.) 39, being a suit for damages for personal injuries against the railroad company and another, the jury returned the following verdict: "We, the jury, find for the plaintiff against both of the defendants, and assess her damages at $800; Lake Erie & Western Railroad Co., $700; John Jordan, $100." (p. 40.) The court said:

"It is also well established that: 'A verdict finding the whole issue, or the

substance of it, is not vitiated by finding more; for the finding of what is not in issue is but surplusage.' Gould, Pleading (9th ed.), 486. It will be observed that the jury by its verdict found for plaintiff against both defendants, and assessed the damages at $800. If the jury had been content to stop there, no objection could be made to the verdict. Not being so content, the jury assumed to apportion the damages, and in so doing exceeded its jurisdiction, and found 'more' than was involved in the issue. Under the rule above cited, which is supported by the weight of judicial authority, that part of the verdict by which the jury attempted to apportion the damages must be treated as surplusage, and does not vitiate that which is necessary and well found. 27 R. C. L. 893; *Currier v. Swan,* 63 Me. 323; *Pearson v. Arlington Dock Co.,* 111 Wash. 14, 189 Pac. 559; *San Marcos Electric, etc., Co. v. Compton,* 48 Tex. Civ. App. 586, 107 S. W. 1151; *San Antonio & A. P. R. Co. v. Bowles,* 88 Tex. 634, 32 S. W. 880; *Windham v. Williams,* 27 Miss. 313; *Post v. Stockwell,* 34 Hun (N. Y.) 375; *Washington Market Co. v. Clagett,* 19 App. D. C. 12." (p. 40.)

In *The State v. Cassady,* 12 Kan. 550, the defendant was tried on an information charging burglary and grand larceny. The jury found him guilty of being an accessory before the fact to grand larceny. This was treated as a verdict of guilty of grand larceny and he was sentenced accordingly. The court said:

"The verdict might properly have been simply guilty of larceny. Yet specifying the particular connection of defendant with the crime did not vitiate the verdict. It wrought no prejudice to his rights." (p. 557.)

In *The State v. Wolkow,* 110 Kan. 722, 205 Pac. 639, defendant was charged with burglary with explosives, and grand larceny. The verdict was:

"We, the jury empaneled and sworn in the above-entitled case, do upon our oaths find the defendant, Ben Wolkow, guilty of grand larceny, as charged in the information by an agent within the State of Kansas, the defendant, Ben Wolkow, at the time of the commission of said larceny being without the State of Kansas." (p. 727.)

Defendant contended upon his appeal that the information "did not charge appellant with committing a crime by an agent, and therefore he was not, by the verdict of the jury, convicted of the offense charged." The court said: "This verdict merely contained some unnecessary and surplus matter which could not prejudice the defendant." (p. 727.)

In *Nation v. Littler,* post, p. 764, 52 Pac. 96, the jury returned a verdict for plaintiff for a definite amount and assessed one-half of the costs to each of the parties. The part of the verdict apportioning costs was set aside by the court as being surplusage.

In *Hanson v. Kendt,* 94 Kan. 310, 146 Pac. 1190, in an action for damages against several defendants, a verdict in favor of the defendants with the additional words "not guilty" was returned. It was held that the added words were surplusage and did not vitiate the verdict.

In *Circle v. Potter,* 83 Kan. 363, 111 Pac. 479, the jury returned a verdict for the plaintiff with the addition that certain instruments should be surrendered and canceled of record. The trial court returned the verdict to the jury and instructed them that the matter of cancellation and delivery of the instrument was not before the jury, and the jury, after consideration, returned a verdict for a different sum and without this added matter. This court said that the trial court might have received the first verdict 'and ignored the surplusage but that it was within his discretion to return it to the jury.

It has been repeatedly held; in this state and elsewhere, that a recommendation of clemency made by a jury in a criminal case did not vitiate a verdict of guilty, the recommendation being a matter outside of the issues for the jury and being regarded as surplusage.

It will be noted in this case that the verdict of the jury is complete without that part attempting to make an apportionment. Omitting that portion, it reads: "We, the jury, find for the plaintiff against the defendants and assess the amount of plaintiff's recovery from said defendants at $4,000." This verdict so read is complete in itself. It is a finding upon every issue submitted to the jury. (There appear to have been no special findings.) It found, in effect, negligence of both defendants; the amount of injury due to the plaintiff; and the amount that the defendants should pay plaintiff. When the jury had reached that verdict its duties were performed. It could not segregate the damages, and up to that point had not attempted to do so. There had been no request by the defendants for the damages to be segregated. No instruction of the court had authorized the jury to do anything else than find the general verdict. So far as its duty in the trial of this case is concerned, the jury's functions were completely exhausted. No other question was before it and none other could be decided by it, therefore such additions as it would attempt to make being unauthorized—not in accordance with any request or instruction—cannot be binding upon the court and should be regarded as surplusage.

The judgment of the court below will be affirmed.

HARVEY, J. (dissenting from second paragraph of syllabus) : Conceding there is a plausible argument and substantial authority to support the 'majority opinion of the court, it is also true that persuasive argument and respectable authority may be found to support any one of several judgments which might have been rendered by the court upon this verdict.

Some authorities hold that the only judgment that can be rendered upon such a verdict is a several judgment against each defendant for the amount for which he is found liable. In *San Antonio & A. P. Ry. Co. v. Bowles*, 30 S. W. (Tex.) 727, being an action by the wife and child of a brakeman killed by the negligence of two defendant railroad companies, a verdict against both defendants in the sum of $10,000, to which is added that $5,000 in favor of the wife and $5,000 in favor of the child and directing that $5,000 of the amount should be paid by each of the defendants, was held sufficiently definite to sustain a judgment making each company separately liable for $5,000, but did not sustain a judgment for $10,000.

In *Rhame v. City of Sumter*, 101 S. E. (S. C.) 832, being an action against the city and another for damages for personal injuries, the jury returned a verdict of $425 against the city and $425 against the other defendant. The court said:

"The jury, by their verdict, found that the respondent had been damaged in the sum of $850; that each defendant should pay $425. While the verdict is unusual, no effort was made to correct it before the jury had separated. . . . The verdict as it stands is against each defendant for $425. The payment by one will not satisfy the judgment as to the other."

In *Hooks v. Vet*, 192 Fed. 314, being an action for damages against several defendants, the verdict was: "We, the jury, find for the plaintiff as against B. A. Hooks and A. A. Cowart the sum of $1,000 each, and against (three other defendants) the sum of $100 each." Several judgments were rendered in accordance with the verdict. B. A. Hooks appealed, claiming that a several judgment could not be rendered in such a case. The circuit court of appeals, 5th circuit, affirmed the judgment for the reason that if the assessment of damages was erroneous the error was favorable to the appellant and he could not complain.

In 38 Cyc. 1883, the rule is thus laid down:

"In actions for tort, however, the jury may find in favor of one and against other defendants, and in such actions it is error for the court to refuse to submit a form of verdict in favor of one defendant and against another, and

where joint tort-feasor are sued in the same action, separate verdicts for different amounts may be awarded against them and punitive damages allowed against one and not against the other."

Under this line of authorities the judgment against appellant in this case would have been for $500 instead of $4,000.

Another line of authorities is to the effect that when compensatory damages only are recoverable the verdict should be for the amount for which the most culpable is liable, and in case a several verdict is rendered the irregularity may be cured by taking judgment against all defendants found guilty for the largest sum found against any one of them. In *Crawford v. Morris*, 5 Grat. (Va.) 90, it is said: "In a joint action of trespass against several who plead jointly, . . . the jury should assess against all who are found guilty the amount they think the most guilty should pay." (Syl. ¶¶ 4, 7; see, also, *Halsey v. Woodruff*, 9 Pick. 555; *Dougherty v. Dorsey*, 7 Ky. [4 Bibb.] 207; *Sodousky v. McGee*, 27 Ky. [4 J. J. Marsh.] 267; *Beale v. Finch*, 11 N. Y. 128.)

Under this line of authorities a judgment in this case would have been rendered against both defendants for $3,500.

Another line of authorities is to the effect that the irregularity in the verdict may be cured by the plaintiff entering a *nolle prosequi* as to all the defendants but one, and taking judgment against him only, and that he may elect to take his best damages which in this case would have been $3,500, against Waldner, and dismissed as to appellant, or if the plaintiff should have regarded the one against whom he had the largest damages as being insolvent, under this rule he might have elected to take against the city and dismissed as to the other, in which event the judgment would have been against appellant for $500. This line of authorities proceeds upon the theory that the liability of the defendants is both joint and several; that the plaintiff could have sued any one of them and not the others, and that even after the verdict he might dismiss as to one or more and take his judgment against the other. In 2 Sutherland on Damages, 4th ed. § 463, the rule is laid down thus:

"It is irregular, in such a case, on finding those jointly charged jointly guilty to assess damages against them separately even though they severed in pleading. Notwithstanding this rule juries have frequently severed the damages, aiming, no doubt, to apportion them according to the culpability of the respective defendants; and in Kentucky, Georgia (in actions sounding in trespass) and South Carolina juries are permitted, in their discretion, to do so; elsewhere it is irregular; but the irregularity may be cured by the plaintiff

entering a *nolle prosequi* as to all the defendants but one, and taking judgment against him only; and he may elect to enter judgment for the best damages; or, according to some cases, the plaintiff may elect to enter judgment, *de melioribus damnis,* against all the defendants found jointly guilty. . . . A several verdict cannot be cured by reducing it to one-half the amount and charging it to a joint verdict."

In 25 Standard Proc. 966, the rule is thus stated:

"In an action against joint tort-feasors, the jury must ordinarily assess the damages against all the defendants found guilty in a lump sum. If the jury illegally apportion the damages between the defendants and they are not directed to, and do not correct their verdict, the verdict must be set aside and a new trial awarded, unless the irregularity is cured in some way, as by the plaintiff taking judgment against one of the defendants in the amount assessed against him, and entering a *nolle prosequi* as to the others, or, according to other authorities, by taking judgment against all the defendants found guilty jointly, for the largest amount assessed against any of them. Where the jury find the amount of damages to which the plaintiff is entitled, and then apportion the amount assessed among the defendants found guilty, some authorities treat the apportionment of damages as surplusage, and render judgment against all for the total damages awarded."

In *Railway & Light Co. v. Trawick,* 118 Tenn. 273, 10 L. R. A., n. s., 191, 121 A. S. R. 996; 12 Ann. Cas. 532, being a suit for damages for personal injury against the Railway & Light Company and the city, the jury returned the verdict:

"They found the · issues in favor of the plaintiff and by reason of the premises assess his damages in the sum of $7,250; $7,000 of this amount the jury awarded to the plaintiff, A. M. Trawick, and against the Nashville Railway & Light Company, and the costs, for which let *fi. fa.* issue. And they find for the plaintiff and against the defendant, Mayor and City Council of Nashville, in the sum of $250 and costs, for which let *fi. fa.* issue." (p. 276.)

The plaintiff moved to dismiss as to the city, and judgment was rendered by the court against the Railway & Light Company for $7,250. The supreme court held this to be a proper procedure except the judgment should be only for the larger sum and modified the judgment so that it would read "$7,000 against the Railway & Light Co." This case states the rules as followed·by different courts and sets out the authorities in support of them in substance as follows:

That such verdicts are irregular and erroneous. In regard to cases of this character there appears to be four distinct lines of procedure laid down by the authorities as follows:

The first class holds that the verdict should be set aside and a new trial awarded. The second treats the attempt of the jury to apportion the damages as mere surplusage, and the·plaintiff may

Hall v. Kansas City.

take judgment against all for the total damages awarded. A third holds that the plaintiff may elect his best damage and enter judgment for this sum against all the defendants found guilty jointly, and the fourth class—said to contain the greater weight of authority—holds that the plaintiff may select which of the defendants he will take judgment against, and may dismiss as to the others and have his judgment against this one and the amount the jury awarded against him, and that this cures the irregularity in the verdict awarding several damages. This fourth theory was followed in the case cited.

In *Schoat v. Mariott*, 194 N. Y. Supp. 849, the jury found for the plaintiff for $500, and that each defendant should pay one-half thereof. The court struck out the words "that each defendant should pay one-half thereof" and rendered a joint judgment. This was approved by the appellate court, but in doing so they say the case is very different from one in which the words sought to be stricken out as surplusage might be construed to impeach or modify the verdict as finally allowed to stand. (Citing *Railway & Light Co. v. Trawick*, supra.)

In Caruthers' History of a Lawsuit, 4th ed., § 34, p. 295:

"If two or more persons be jointly sued for a trespass the verdict may be against all for one sum as damages or it may be against each separately for distinct and different sums, and judgments may be entered thereon accordingly. There can be but one satisfaction, however, in favor of the plaintiff, and if he collect either one of the sums so assessed, it will bar his right to collect the others except as to costs. If the several assessments vary in amount the plaintiff may elect to take the larger sum, or if the defendants are not all solvent, he may elect to proceed against the solvent party, and so it seems if there be several assessments, the suit being against all jointly, the plaintiff may elect which sum he will, and remitting the others, enter judgment for that sum against all."

So general did this rule become for curing defects in judgments of this character, that the term *"de melioribus damnis"* became commonly applied to it, literally "of or for the better damages," a term used in practice to denote the election by the plaintiff against which of several defendants (where the damages have been assessed separately) he will take judgment.

"*Black L. D.* [*quot Knickerbacker v. Colver*, 8 Cow. (N. Y.) 111, 112.] See, also, *Clissold v. Machell*, 26 U. C. Q. B. 422, 327, (where the court said: 'It is laid down in Mayne on Damages, at page 330, where damages are assessed severally instead of jointly

judgment will be reversed; but the plaintiff may cure it by taking judgment *de melioribus damnis* against one and entering up a *nolle prosequi* against the other and this whether they have joined or severed in pleading')." (Note, 18 C. J. 481.)

It may be noted also that the rule of treating the attempted apportionment of the damages as surplusage, relied upon in the majority opinion of the court, is not uniform. In *Whitaker v. Tatem*, 48 Conn. 520, a verdict that plaintiff recover a judgment against T. and C., $100 to be divided as follows: against T., $25; against C., $75, was held not to be a legal verdict and the apportionment cannot be taken as surplusage. In *Rathbone v. Detroit United Railway*, 187 Mich. 586, 154 N. W. 143, it was held in a passenger's action for personal injuries brought against a street railway and a construction company, with whose train the street car had collided, a verdict for plaintiff for $10,000, $6,000 against the railway and $4,000 against the construction company, was defective and did not sustain a joint judgment for the total recovery against both defendants since the jury cannot apportion the damages against joint tortfeasors and such apportionment was not mere surplusage which might be disregarded.

In the opinion the court said:

"Had the plaintiff chosen to have the judgment entered in accordance with the terms of the verdict rendered (and the entry of any other judgment was wholly unwarranted), a different question would be presented and under the authority cited it may be held that the appellant had no cause of complaint because in any event, the jury had found it guilty and assessed the damages against it at the sum of $6,000. That, however, was not done and we are now dealing with the judgment against the appellant for $10,000, when the verdict of the jury as to it was that it should be condemned in the sum of $6,000. It seems to me that common sense, as well as law, forbids such a result." (p. 598.)

In this case the court reversed the judgment and granted a new trial.

In *City of Birmingham v. Hawkins*, 196 Ala. 127, 72 So. 25, being an action against the city and its police officer for personal injury, the jury found for the plaintiff and against the city for $50 and against the officer for $50. It was held that the court's action in rendering judgment on the verdict for $100 against both defendants was reversible error, and further held that is was a change, not only of the form, but of the very substance of the verdict in respect to the liability of the defendants.

In *Glore v. Akin*, 131 Ga. 481, 62 S. E. 580, being a suit for damages for malicious prosecution, a jury returned the following verdict: "We, the jury, find for the plaintiff against the defendants Glore and Walters, $300, to be equally divided between them." (p. 482.) It was held upon appeal that this verdict was not legal; that the words attempting to apportion went to the substance of the verdict and not to its form, and that the verdict could not be cured by plaintiff reducing the amount to $150 and taking judgment against both for that sum.

·So it will be seen from the authorities as a whole, that upon this verdict the court might have rendered any one of several judgments; that is to say, it might have rendered judgment upon the verdict, which would have been a $500 judgment against appellant; the court might have rendered judgment against both defendants for the best damages, which would have been a judgment against appellant for $3,500; the court might have required the plaintiff to elect to take judgment for his best damages, or that a new trial be granted (and this plan appears to be supported by the greater number of authorities), and had plaintiff then elected to take judgment against the other defendant, the case would have been dismissed as to appellant and there would have been no judgment against it, or the court could have done what it did do, treat the attempted apportionment as surplusage, render judgment against all the defendants for the full amount, in which event there is a $4,000 judgment against appellant.

Except those few authorities which treat the attempted apportionment as surplusage, all of the other authorities are to the effect that a new trial should be granted, or that a new trial should be granted unless the irregularity in the verdict is cured by some one of the methods pointed out.

It is our firm conviction that a verdict which the jury is not authorized to bring in, and which is so irregular that a court might render any one of four judgments upon it, and that they would affect this appellant, being respectively, a judgment for defendant; a judgment against this defendant for $500; a judgment against it for $3,500; or a judgment against it for $4,000, is so irregular and uncertain as not to form the proper basis for a judgment, and that a new trial should have been granted.

JOHNSTON, C. J., HOPKINS, J., join in this dissent.