## OSTERRITTER et ux. v. BOARD et al.
### No. 3334.

Court of Civil Appeals of Texas. El Paso.
Feb. 20, 1936.

Rehearing Denied March 19, 1936.

752

S. N. McWhorter, of Weslaco, and H. L. Faulk, of Brownsville, for appellants.

M. L. Dew, of Weslaco, Brown & Bader, of Edinburg, and John H. Mitchell, of La Feria, for appellees.

HIGGINS, Justice (after stating the case as above).

Appellants complain of that feature of the judgment which apportions between Board and Hollister the damages recovered against them by appellants so as to allow Board and Hollister each a set-off against the damages awarded appellants.

Appellants also complain of the refusal of the court to allow them to dismiss their suit against Board after the court had "indicated" the judgment which would be and in fact was later rendered.

■ The judgment awarded plaintiffs judgment against Board and Hollister, jointly and severally, for the damages sustained by the fraud complained of. As between joint tort-feasors, there is no right to invoke principles governing joint liability. Rowan v. Daniels, 20 Tex.Civ.App. 321, 49 S.W. 686. Board and Hollister are by the judgment held to be jointly and severally liable as tort-feasors to the plaintiffs for the damages awarded against them. The plaintiffs had the right to enforce against either of said defendants collection of the full amount of such damages (1 Sutherland on Damages, 823), whereas the apportionment made by the judgment compels the plaintiffs to allow a credit to each of said defendants.

Such apportionment was improper. San Marcos E. L. & P. Co. v. Compton, 48 Tex.Civ.App. 586, 107 S.W. 1151; Warren v. Westrup, 44 Minn. 237, 46 N.W. 347, 20 Am. St.Rep. 578.

■ The record shows the second tract is the homestead of plaintiffs, and has been since February 7, 1931. This is the tract against which Hollister was awarded foreclosure to secure the payment of the amount due upon the notes held by him. The plaintiffs had the right, if they saw fit, to set off against the judgment in favor of Hollister the entire amount of the damages awarded against Board and Hollister. By so doing plaintiffs would have been able to greatly reduce the incumbrance against their homestead, and it was error to render judgment in such manner as to deprive them of that right.

■ Plaintiffs sought to preserve the right to set off against Hollister the full amount of their damages by moving to dismiss as to Board. This motion was made long before the decision was actually and finally announced by the judge, and under the statute plaintiffs had the absolute right to dismiss as to Board. Article 2182, R.S. Had such motion been granted, the judgment in plaintiffs' favor for damages would necessarily have been against Hollister alone. The motion to dismiss was timely made, for at that time the decision had not been finally announced. The court had merely indicated its opinion as to the judgment which should be rendered, and which in fact was not rendered until a later date. 15 Tex.Jur. Dismissal, 5; Kidd v. McCracken, 105 Tex. 383, 150 S.W. 885; Texas Electric Ry. v. Cox (Tex.Com.App.) 49 S.W.(2d) 725, 89 A.L.R. 11.

■ We also sustain the proposition which complains of the judgment offsetting the plaintiffs' damages as of the date of the judgment. The materiality of this feature of the judgment arises out of the difference in the interest rate (6 per cent.) upon the damages sustained by plaintiffs and the interest rate (10 per cent.) upon the notes held by Board and Hollister. Under the facts of this case, plaintiffs' damages should have been set off against the notes as of the date the damages of the plaintiffs were sustained and became payable. Brown v. Montgomery, 19 Tex.Civ.App. 548, 47 S.W. 803; Pickrell v. Imperial Petroleum Co. (Tex.Civ.App.) 231 S.W. 412.

For the errors pointed out, the judgment is reversed, and the cause remanded.