on this subject, but do not deem it necessary to review or attempt to reconcile them.

*Judgment affirmed.*

FUNK and PARDEE, JJ., concur.

Judges of the Ninth appellate district, sitting in place of SULLIVAN, VICKERY and LEVINE, JJ., of the Eighth appellate district.

---

THE GEORGE B. SCRAMBLING CO. ET AL. *v.* THE
TENNANT DRUG CO.

*Malicious prosecution—Petition in bankruptcy filed against plaintiff—Defense of advice of counsel—Finding sustained by evidence that full disclosure not made to counsel— Pleading—Supplemental petition or amendment pleading damages accruing after petition filed—Section 11363, General Code—Refusal of time to file answer not abuse of discretion, when—Verdict—Words "equally divided" surplusage where damages assessed against three defendants —Apportioning compensatory damages between defendants, not prejudicial—Punitive damages against only one defendant sustained by evidence—Compensatory damages apportioned between three defendants, sustained by evidence.*

1. In action for malicious prosecution by filing petition in bankruptcy against plaintiff, defended on ground that defendants acted on advice of counsel, finding that defendants did not submit full information to counsel before commencing bankruptcy proceedings *held* authorized by evidence showing that defendants informed counsel that plaintiff was indebted to various creditors; that many of these claims were overdue; that plaintiff had refused to

make statement to financial agencies; and that plaintiff had become slow in paying its accounts.

2. In action for malicious prosecution by filing a petition in bankruptcy against plaintiff, charge that consulting of lawyer before beginning bankruptcy proceedings would not be complete defense, unless defendants placed before lawyer all facts which they knew and which a reasonably prudent person would have obtained, *held* proper and equivalent to requirement that defendants disclose knowledge ascertainable by "reasonable diligence," which is that degree of diligence which reasonably prudent person exercises under same or similar circumstances.

3. In action for malicious prosecution by filing bankruptcy proceeding against plaintiff, damages accruing after filing of petition and up to date of trial did not constitute new cause of action, but were merely incidental to main cause of action, and supplemental petition, alleging damages occurring subsequent to filing of petition, was properly allowed.

4. Where court permitted plaintiff to file supplemental petition, in action for malicious prosecution, setting forth damages incurred subsequently to filing of petition, refusal of defendants' request for time to file answer to supplemental petition *held* not abuse of discretion, under Section 11363, where defendants tendered no answer, and evidence introduced covered issues contained in supplemental petition.

5. Where verdict found for plaintiff in sum of $7,500 against all defendants, equally divided, court was authorized to treat words "equally divided" as surplusage and to make necessary correction.

6. In action for malicious prosecution, verdict, apportioning compensatory damages between respective defendants, *held* not prejudicial to defendants, even though erroneous in form, since jury could have returned verdict of entire sum against all defendants.

7. In action for malicious prosecution by filing bankruptcy proceedings against plaintiff, verdict of $7,500 against one defendant as punitive damages *held* authorized by evidence showing that such defendant acted with reckless disregard of plaintiff's rights in instituting bankruptcy proceedings.

8. In action for malicious prosecution by filing bankruptcy

proceedings against plaintiff, court did not err in permitting verdict for punitive damages against one defendant alone, and for compensatory damages against remaining defendants.

9. In action for malicious prosecution by filing bankruptcy petition against plaintiff, verdict for compensatory damages in sum of $7,500, attempted to be apportioned between three defendants, *held* authorized by evidence showing that plaintiff's credit and reputation was injured, and that it was compelled to sell one of its stores at a loss of $7,500.

(Decided April 25, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. Walter D. Meals,* for plaintiffs in error.
*Messrs. Cline & Patterson,* for defendant in error.

LEVINE, J.   The parties in this action appear in the reverse order to that which they occupied in the court of common pleas. We shall refer to them for convenience according to their respective positions in the lower court.

The plaintiff, the Tennant Drug Company, instituted an action against the defendants, the George B. Scrambling Company, the J. B. Moos Company, and the Wallace & Schwarz Company, for malicious prosecution, alleging in the petition that the defendants had, without probable cause, filed a petition in bankruptcy against plaintiff in the United States District Court for the Northern District of Ohio.   The answer is in the usual form and alleges particularly that defendants acted under advice of counsel.   A trial was had upon the issues, a verdict returned for plaintiff, and a judgment rendered accordingly.   Error proceedings are instituted to

this court to the judgment of the common pleas.

Various assignments of error are set forth, the substance of which we shall consider.

I.  It is claimed by the defendants that the judgment ought to be reversed for the reason that it appears that the defendants acted upon advice of counsel, and that there was probable cause for the filing of the bankruptcy petition against the plaintiff.

It is urged that the following items of information were submitted by the defendants to their attorney, Mr. Weintraub, before filing the bankruptcy petition, namely:

"(1)  That the plaintiff was indebted in various sums to a large number of creditors, including the petitioners.

"(2)  That many, if not all, of these claims were overdue.

"(3)  That the plaintiff had refused to make a statement as to its financial condition to Bradstreet and R. G. Dun, commercial agencies.

"(4)  That demands had been made upon the plaintiff by various creditors for the payment of their accounts and that the plaintiff had 'put them off.'

"(5)  That the plaintiff had become 'slow' in the payment of its accounts and seemingly was not in a prosperous condition."

During the trial Mr. Weintraub was not called upon to appear as a witness. A certain Mr. Meyers, of the Scrambling Company, testified that the reason he began the bankruptcy proceeding was to more quickly collect the debt owing from the plaintiff to the Scrambling Company. A reading of the record discloses that Mr. Meyers, acting for the Scrambling Company as well as the other

defendants, did not secure the statement of the assets of the plaintiff, the Tennant Drug Company, before commencing bankruptcy proceedings. No inquiry was made concerning the credit of the Tennant Drug Company from any of the recognized credit agencies. The evidence indicates that at the time of the commencement of the bankruptcy proceedings the Tennant Drug Company was solvent. On the question whether the defendants submitted, full information concerning the financial standing of the Tennant Drug Company to their attorney, Mr. Weintraub, before commencing bankruptcy proceedings, the jury was within its province, under the evidence submitted upon the record, in finding that no such full information was disclosed to counsel, whose advice was sought with reference to the commencing of the bankruptcy proceedings.

In its general charge the court fully covered the defense of advice of counsel.

Plaintiff's request to charge No. 2, which was given to the court before argument, is as follows:

"If you find that defendants did consult a reputable lawyer before beginning the bankruptcy proceeding, I say to you this act would not be a complete defense for this action, unless the defendants placed before the lawyer fully, fairly, and impartially all the facts which they knew and all the facts which a reasonably prudent person would have obtained under the circumstances."

Counsel for the defendants asserts that there was error in giving above request to charge No. 2. It is contended that the case of *Lamprecht* v. *Crane,* 4 W. L. B., 1107, 5 O. D. (N. P.), 753, is applicable. In that case the sixth and seventh paragraphs of the syllabus are as follows:

"6. And for prosecuting such proceeding in

such court, maliciously and without probable cause, an action for malicious prosecution will lie.

"7. Where a prosecution is sought to be justified on the ground of advice of counsel, it is incumbent on the prosecutor to show that all the facts material to the prosecution known to him, or which might have been ascertained by reasonable diligence, were communicated to counsel."

The definition of "reasonable diligence" is well settled. It is understood to mean that degree of diligence which reasonably prudent persons exercise under the same or similar circumstances. The instruction contained in request to charge No. 2, taken together with the language used by the court in its general charge relating to the same subject, in our opinion amply cover the law relative thereto.

II.   It is claimed that the court erred in permitting a supplemental petition, or amendment to the petition, to be filed. It appears from the record that, after the court instructed the jury in substance that it should not assess damages beyond the date of the filing of the petition, the plaintiff asked and was granted leave to file an amendment to its petition, by way of a supplemental petition setting forth facts showing damages that had occurred subsequent to the filing of the petition, and to make the pleadings conform to the proof offered at the trial tending to substantiate said allegations. At the trial evidence was adduced that after the filing of the bankruptcy proceedings against the plaintiff, the Tennant Drug Company, it was damaged by reason of injury to its good name, good will, and credit standing; that it was unable to obtain sufficient supplies to operate its stores and to sell to its customers in the volume which it had sold before the filing of the bankruptcy proceedings; and that

it was compelled to pay cash for its merchandise. Likewise there was introduced and admitted evidence of letters, conversations, and acts taking place after the petition was filed in this action, and also evidence that two stores and leases incident thereto were sold at a great sacrifice on account of curtailed credit.

The principle of law applicable to the subject of damages suffered on account of a wrongful act and accruing after the petition was filed up to the date of trial is stated in 1 Sedgwick on Damages (9th Ed.), Section 86a, as follows:

"It is now universally recognized that a loss that happens after action brought, as a direct consequence of the wrong for which the action was brought, may be compensated, though it had not happened or could not be foreseen when the action was brought."

See, also, *Wheeler* v. *Hanson,* 161 Mass., 370, 37 N. E., 382, 42 Am. St. Rep., 408, and *Fay* v. *Guynon,* 131 Mass., 31.

We agree with the contention of counsel for the plaintiff, Tennant Drug Company, that the damages which accrued after the filing of the petition and up to the date of trial did not constitute a new cause of action, but were merely incidental to the cause of action set forth in the original petition. The supplemental petition which the court allowed plaintiff to file alleged generally that the plaintiff had, by the wrongful acts of the defendants, been compelled to sell one of its stores at a loss of $7,500. It had lost profits from sales amounting to $20,000, and had suffered in good will, commercial credit, and reputation.

Counsel for plaintiffs in error complains that the trial court erred in refusing his request for time

to file an answer to the supplemental petition. On the subject of that request by counsel for defendants, the court stated to the jury as follows:

"Let the record show the court says to the jury that they may consider all these allegations as denied generally; that the burden is upon the plaintiff to make proof that the compensatory damage exists; and that it must be proved by the plaintiff as indicated heretofore. You may consider these elements in the general charge of the court, and if they are, to the extent they are proven, under the charge of the court, you may award compensatory damages."

And further:

"The court is of the opinion that this case has been tried on the theory of a general denial, of nonliability in damages, and was so presented by counsel to the jury, and it was only because the statute provides that the court was compelled to charge the jury that damages would be held to the day of the filing of this petition, and that the proof is broad enough to justify the filing of a supplemental petition, and that defense was made against any damage whatever down to the date of the trial of the case."

The broad powers of the trial court relative to allowing amendments to pleadings are contained in Section 11363, General Code of Ohio, which reads:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or,

when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the provisions of this title, the court may permit either to be made conformable thereto, by amendment.''

Ample authority is cited by counsel for plaintiff supporting the action of the trial court. *City of Cincinnati* v. *Cameron,* 33 Ohio St., 336; *Barbour* v. *Miles,* 14 C. C., 628; *Green* v. *Bass,* 25 C. D., 31.

Particular attention is called to the case of *Smucker* v. *Wright,* 2 C. D., 360, wherein the court used the following language:

''Did the court err in permitting the plaintiff in error to file an amended petition, and in refusing to permit the defendant, Smucker, to answer thereto? Filing amended pleadings to correspond to the proofs in a case is authorized by the statute, under a sound judicial discretion; whether the evidence justified the filing of the amended petition, and the court abused its discretion, we cannot say, as the evidence of the case is not before us. Whether the court abused its discretion in refusing to permit an answer to be filed, we cannot say, for we don't know what the answer contained. True, we find an answer among the papers, marked 'filed' by the clerk; if it is the answer presented to the court to be filed, it was refused and has no place among the papers in the case. To preserve the question for review it should have been incorporated in a bill of exceptions; otherwise, it is no part of the record in the case.''

It appears in this case that the defendants tendered no answer, nor did counsel for the defendants read into the record what the answer, if filed,

would contain. It is problematical as to whether, if an answer had been filed by the defendants to the supplemental petition, the same would have been material and proper matter of defense. It appears clearly from the record that at the time of the filing of the supplemental petition, which the trial court permitted, the evidence already introduced at the trial by both parties embraced the issues contained in the amendment to the petition, or supplemental petition. It cannot therefore be claimed that the defendants were taken by surprise and that the court abused its discretion in refusing to give the defendants ample time to file an answer thereto. The court merely permitted the amendment to the petition to be made comformable to the evidence already introduced.

III. Was there error in the form of the verdict returned by the jury as compensatory damages? Did the court err in permitting a verdict for punitive damages against the George B. Scrambling Company, one of the defendants?

Under the instruction of the court the jury returned a verdict for the plaintiff, the Tennant Drug Company, in the sum of $15,000, apportioned as follows: $2,500 as compensatory damages against each of the defendants; $7,500 against the George B. Scrambling Company as punitive damages.

It is urged by counsel for defendants that this judgment is erroneous for various reasons, which we shall discuss in their order.

(a) That the court erred in submitting several forms of verdict to the jury and in accepting the several verdicts of the jury; that this action for malicious prosecution, being a tort in its character, justifies but one judgment and one recovery; that

there can be no several judgments against several defendants.

"There is some conflict as to whether a verdict against joint tort-feasors which assesses the damages severally can be cured or corrected. While there is some authority to the effect that such apportionment of damages is an essential part of the verdict which cannot be disregarded as surplusage and therefore no judgment can be entered thereon, it is generally held that the irregularity is not fatal and may be cured by amendment or correction. The question as to the manner in which the irregularity of a verdict severing the damages found against joint tort-feasors may be cured arises in two different ways, according to the form in which the verdict is rendered. Thus where the verdict is that the plaintiff recover of the defendants a certain sum, followed by an apportionment of such damages among several tort-feasors, this fixes the plaintiff's right to recover the full amount against the guilty parties, and the trial court may receive the verdict and amend it by striking out as surplusage all after the finding of the joint liability, or it may return the verdict to the jury for correction. Where a several judgment is rendered against each defendant on such a verdict, it is not necessary to enter a reversal because of the erroneous form in which it was entered, since it can be corrected by a direction of either the appellate or the trial court, making the judgment conform to the established rule in such cases." 27 Ruling Case Law, 893, Section 66.

"Verdicts are to have reasonable intendment, and surplusage or immaterial findings may be rejected in construing them. Thus, if the verdict

finds the issue and something more, the latter part of the finding will be rejected as surplusage, and judgment rendered independently of the unnecessary matter, there being nothing to show that the jury reasoned falsely.'' 38 Cyc., 1890.

In *Hall* v. *McClure,* 112 Kan., 752, 212 P., 875. 30 A. L. R., 782, propositions 1 and 2 of the syllabus read:

''(1) In an action for damages against two or more joint tort-feasors, the jury has no authority to apportion the damages between defendants.

''(2) In such a case, where the jury returned the verdict: 'We, the jury, find for the plaintiff against the defendants and assess the amount of plaintiff's recovery from the defendants at $4,000. Isadore Waldner, * * * $3,500; and the city of Kansas City, Kan., $500'—held, the court properly regarded the attempted apportionment of damages as surplusage and entered judgment against both defendants for $4,000.''

In an action to recover damages for personal injuries caused, as alleged, by the negligence of two corporations, there was a verdict for plaintiff for $10,000, ''to be assessed equally against each of said corporations.'' It was held to be a joint verdict against both defendants for $10,000 and the judgment rendered against both for the full amount was affirmed. *Olson* v. *Nebraska Telephone Co.,* 87 Neb., 593, 127 N. W., 916.

In *Pearson* v. *Arlington Dock Co.,* 111 Wash., 14, 189 P., 559, the verdict was as follows:

''We, the jury, * * * do find for the plaintiff and against both defendants in the sum of $3,750 each, Arlington Dock Company, North Coast Stevedoring Company, dollars ($7,500).''

The court said:

"While the verdict is somewhat awkward, it is perfectly plain that the jury meant to find a verdict of $7,500 for the plaintiff against both defendants, each defendant to pay one-half of that amount. The jury did not have any right to segregate this amount and make each defendant liable for a portion thereof, consequently that portion of the verdict where the jury undertakes to do so must be considered surplusage."

In *San Marcos Electric Light & P. Co.* v. *Compton*, 48 Tex. Civ. App., 586, 107 S. W., 1151, in an action by a widow against two defendants to recover damages on account of the death of her husband, the jury returned a verdict as follows:

"We, the jury, find the defendants the San Marcos Electric Light & Power Company and the San Marcos Telephone Company, both guilty of gross negligence that caused the death of L. B. Compton, and therefore assess the damages at five thousand ($5,000) dollars, or, in other words, $2,500 from each of the companies, proportioned as follows: The plaintiff Idalena Compton to receive from the San Marcos Electric Light & Power Company $1,500, and also $1,500 from the San Marcos Telephone Company. The plaintiff A. S. Compton to receive from the San Marcos Electric Light & Power Company the sum of $750, and also $750 from the San Marcos Telephone Company. The plaintiff Mrs. M. A. Compton to receive from the San Marcos Electric Light & Power Company the sum of $250, and also $250 from the San Marcos Telephone Company."

The court held that so much of the verdict as apportioned the damages should be treated as

surplusage and judgment should be rendered against both defendants for the full amount fixed by the verdict.

In *Post* v. *Stockwell,* 34 Hun (N. Y.), 373, the jury returned a verdict for $750 "to be divided equally between the defendants; that is, $375 against each of them." It was held to be a valid verdict, and, by disregarding the direction as to division, capable of supporting a judgment against both defendants for $750.

In *San Antonio & Arkansas Pass Ry. Co.* v. *Bowles,* 88 Tex., 634, 32 S. W., 880, affirmed in *Houston & T. C. Rd. Co.* v. *Bowles,* 168 U. S., 706, 18 S. Ct., 943, 42 L. Ed., 1213, a verdict for $10,000, directing that $5,000 was to be paid by one defendant and $5,000 by the other, was considered capable of supporting a judgment for $10,000 against both jointly, by treating the direction added by the jury as surplusage.

In *Nashville Railway & Light Co.* v. *Trawick,* 118 Tenn., 273, 99 S. W., 695, proposition 2 of the syllabus, as reported in 10 L. R. A., (N. S.), 191, reads:

"(2) The irregularity in rendering separate verdicts against defendants in an action for joint tort may be cured, even after judgment, by entering the judgment against one defendant and dismissing the action against the others. * * *

"Where the jury finds the amount of damages to which the plaintiff is entitled, and finds each of the defendants guilty, this fixes the plaintiff's right to recover the full amount against the guilty parties; and that the effort of the jury to apportion the damages among the several guilty defendants is mere surplusage, and the plaintiff may take

judgment against all for the total damages awarded.''

This is the holding of *Post* v. *Stockwell,* 34 Hun, (N. Y.), 373; *Central Passenger Ry. Co.* v. *Kuhn,* 86 Ky., 578, 6 S. W., 441, 9 Am. St. Rep., 309; *Currier* v. *Swan,* 63 Me., 323; *Beal* v. *Finch,* 11 N. Y., 128.

We have examined the form of the verdict in the case here for decision. It reads:

''The jury in this case, being duly impaneled and sworn, etc., do find for the plaintiff in the sum of $7,500 against all three defendants equally divided.''

The journal, under date of November 9, 1925, reads as follows:

''To Court: The parties, by their attorneys, come, and a jury is duly impaneled and sworn, who, after due trial, find for the plaintiff for $7,500 against all the defendants. This entry is here made as of and for November 7, 1925.''

It is apparent that in making the above entry the trial court regarded the phrase ''equally divided'' as surplusage. Under the authorities above given the court is fully empowered to treat it as surplusage, and to make the necessary correction. It may be added that even in the absence of such correction by the trial court, and assuming for the sake of argument that the verdict, as returned by the jury, was in substance an apportionment of $2,500 by way of compensatory damages against each of the respective defendants, and that the same is erroneous in form, we can see no prejudice to the rights of the defendants. It is conceded by counsel for the defendants that the jury could have returned a verdict for $7,500 as compensatory dam-

ages against all the defendants, and, in view of that, we fail to see wherein the substantial rights of the defendants were in any way injuriously affected.

(b) It is further urged by counsel for defendants that the verdict of $7,500 as punitive damages was erroneous and was inspired by passion and prejudice, and does not conform to the law, in that the same was returned against the George B. Scrambling Company, alone, exempting the other defendants therefrom.

We are unable to agree with the contention of counsel for the defendants that said verdict for punitive damages is manifestly against the weight of the evidence. The record is replete with evidence from which the jury was justified in concluding that the George B. Scrambling Company, through its Mr. Meyers, acted with reckless disregard of the rights of the plaintiff, the Tennant Drug Company, and the consequences to said Tennant Drug Company were very injurious when the George B. Scrambling Company, through its Mr. Meyers, inspired and instituted the bankruptcy proceedings against the said Tennant Drug Company.

Did the court err in permitting the verdict for punitive damages against the George B. Scrambling Company alone? To our mind the case of *Mauk v. Brundage,* 68 Ohio St., 89, 67 N. E., 152, 62 L. R. A., 477, as cited by counsel for plaintiff, settles the question. Syllabus 4 is as follows:

"If, in such case [malicious prosecution], the evidence warranted a finding, that, in the passing and publication of such preamble, some of the defendants were actuated by express malice and

OHIO APPELLATE REPORTS.          213

App.]      Geo. B. Scrambling Co. v. Drug. Co.

others were not, and the jury should so find, it is proper practice to render a verdict against all of the defendants for compensatory damages and an additional amount as exemplary damages against those found to have been guilty of express malice.''

We quote also from 37 Corpus Juris, p. 112. Section 558, as follows:

''Where one or some of the defendants were actuated by actual malice and others were not, it is held proper to find a verdict against all for compensatory damages and an additional amount as exemplary damages against those guilty of express malice.''

IV. It is contended by counsel for defendants that there was no evidence submitted to the jury of a credible nature upon which the jury could base its verdict for compensatory damages in the sum of $2,500 against each of the three defendants, and that the evidence offered upon that point is indefinite, uncertain, and speculative in character.

A complete answer is found in the record where it was testified that, since the filing of the bankruptcy petition, owing to loss of credit, and injury to reputation, the plaintiff, the Tennant Drug Company, was compelled to sell one of its stores at a loss of $7,500. It is clearly stated in the record, and the jury had a right to believe the statement, that this loss was traceable directly to the acts of the defendants. If there were nothing else in the record but this evidence on the subject of the damages sustained, the jury would have a basis for its verdict, if it believed the evidence introduced on that subject.

We have carefully considered the record, the briefs of counsel, and the oral argument, and are

of the opinion that substantial justice was done between the parties, and that no errors occurred during the trial substantially affecting the rights of the defendants.

For the reasons above stated, the judgment of the common pleas court will be affirmed.

*Judgment affirmed.*

Sullivan, P. J., and Vickery, J., concur.